**Ihedioha EZE, et al., Appellants,**

v.

**YELLOW CAB COMPANY OF ALEXANDRIA, VA., INC., et al.**

**No. 85–5268.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 23, 1986.

Decided Feb. 7, 1986.

Donald Wheeler Jones, Washington, D.C., for appellant.

Christopher E. Hassell, Washington, D.C., for appellee, Akakpo.

Robert L. Deichmeister, Alexandria, Va., for appellee, Alexandria Yellow Cab, Inc.

---

Before EDWARDS and GINSBURG, Circuit Judges, and FAIRCHILD,* Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit.

Opinion Per Curiam.

PER CURIAM:

Plaintiffs are citizens of Nigeria. They commenced a personal injury action based on an automobile accident alleged to have occurred in the District of Columbia. Their complaint names two defendants: Yellow Cab Company of Alexandria, Va., Inc.; and Godwin Sam Okakpa (correct name: Akakpo), the alleged driver of the Yellow Cab vehicle in which plaintiffs were passengers at the time of the accident. Plaintiffs invoked federal court jurisdiction on the basis of "alienage." Complaint para. 1.

Defendant Yellow Cab moved to dismiss for lack of jurisdiction over the subject matter, contending that the requisite diversity of citizenship had not been asserted. Yellow Cab emphasized that plaintiffs had not alleged the citizenship of the defendant taxicab driver, but had simply stated that Akakpo "has a residence which is presently unknown to the Plaintiffs." Complaint para. 4.

Plaintiffs failed to answer the motion to dismiss within the 10 days prescribed by D.D.C. Rule 1–9(d).[1] Nor did plaintiffs request a time extension. The district court therefore treated the motion as conceded and dismissed the complaint. In its dismissal order, the court observed that plaintiffs "ha[d] failed to allege the citizenship of the defendant Godwin Sam [Akakpo] such that 28 U.S.C. § 1332 could be applied to afford jurisdiction." *Eze v. Yellow Cab Co.,* No. 84–3735 (D.D.C. Jan. 23, 1985).

We affirm, as indeed we must in view of the representation at oral argument made by counsel for plaintiff-appellants that Akakpo is an alien, a citizen of Ghana. *See also* Brief for Appellee Akakpo at 3 n.*

(noting that appellee Akakpo had informed his own counsel that "he is a citizen of the State of Ghana").

■ Federal jurisdiction is authorized where there is a suit between a citizen of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2) (1982). Congress has also authorized federal jurisdiction in suits between citizens of different states in which citizens of foreign countries are additional parties. *Id.* at § 1332(a)(3). But under long-held precedent, diversity must be "complete." *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). A diversity suit, in line with the *Strawbridge* rule, may not be maintained in federal court by an alien against a citizen of a state and a citizen of some other foreign country. *See Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.,* 506 F.2d 757, 758 (5th Cir.1975) (requisite complete diversity is absent in suit by citizen of Netherlands Antilles against two defendants, one a citizen of Bermuda, the other, a citizen of Massachusetts); *Fosen v. United Technologies Corp.,* 484 F.Supp. 490, 495 (S.D.N.Y.), *aff'd,* 633 F.2d 203 (2d Cir.1980) (no diversity jurisdiction in suit by Norwegian plaintiffs against Japanese and United States defendants).

■ Plaintiffs here had abundant notice of the jurisdictional defect urged in support of the motion to dismiss. They now acknowledge that their two-defendant lawsuit does not meet the complete diversity requirement. They did not move in the district court to drop the individual defendant as a party. Instead, they did nothing to overcome the impediment to federal court adjudication of their case. Under these circumstances, the district court's order was entirely proper and is accordingly

*Affirmed.*

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. D.D.C. Rule 1–9(d) instructs:
   Within ten days of the date of service [of a motion] or such other time as the court may

direct, an opposing party shall serve and file a statement of points and authorities in opposition to the motion, together with a proposed order. If such opposing statement is not filed within the prescribed time, the court may treat the motion as conceded.