**Wendy G. SHALLER, Plaintiff,**

v.

**COLUMBIA HOSPITAL FOR WOMEN, MEDICAL CENTER, et al., Defendants.**

Civ. A. No. 87–3091.

United States District Court, District of Columbia.

May 18, 1988.

Jeffery Ashin, College Park, Md., for plaintiff.

W. Allan Overton, Arlington, Va., James P. Gleason Jr., Rockville, Md., C.J. Kittredge, Wheaton, Md., Vicki Hunt, Merrifield, Va., for defendants.

MEMORANDUM

JOHN GARRETT PENN, District Judge.

This case is before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction and plaintiff's opposition thereto.[1] After careful consideration of the motion and the record in this case the Court concludes for the reasons set out below that this case must be dismissed.

The plaintiff brought this suit pursuant to 28 U.S.C. § 1332, alleging that there was complete diversity of citizenship between plaintiff and the defendants. The complaint alleges that each of the defendants maintained their principal place of business in the District of Columbia and that plaintiff's residence was in the state of Maryland. The complaint names four defendants, the Columbia Hospital for Women ("Columbia Hospital"), Stanley C. Marinoff, Arturo C. Uy Associates ("Uy"), and Patricia Moore. There is no issue as to the citizenship for diversity purposes of defendants Columbia Hospital and Dr. Stanley Marinoff.

■ Defendant Pat Moore,[2] a nurse anesthetist at Columbia Hospital has moved to dismiss because complete diversity of citizenship does not exist between the parties. Although Ms. Moore works in the District of Columbia, her affidavit states that she has been domiciled in the state of Maryland for fourteen (14) years. Further she is not a corporation, therefore her principal place of business is irrelevant for the purpose of diversity jurisdiction. Ms. Moore's motion to dismiss the complaint can be treated as conceded under Local

---

1. The Court determines that oral argument is unnecessary.

2. Defendant Moore has also moved to quash service on the ground that plaintiff's service was improper. In view of the Court's determination that it lacks subject matter jurisdiction, there is no need to rule upon this issue.

Rule 108(b) since plaintiff has not moved to oppose the motion.

Additionally, defendant Arturo C. Uy, M.D. P.A., seeks to dismiss this case for lack of subject matter jurisdiction.[3] This defendant is a corporation organized under the laws of Maryland which has its principal place of business in the District of Columbia. On these facts, defendant asserts that it is clear that it is a citizen of both the state of Maryland and the District of Columbia, therefore complete diversity does not exist between the parties.

Plaintiff has opposed this motion on various grounds. First, defendant Uy is under contract to a co-defendant, Columbia Hospital. Second, plaintiff alleges that the principal place of business for this defendant is the District of Columbia. Third, plaintiff claims that no evidence has been presented that defendant Uy was incorporated in November 1984, the time of the alleged injury. Plaintiff contends that without such evidence the Court must look to the corporation's principal place of business under 28 U.S.C. § 1332(c). Fourth, plaintiff asserts that this Court should assert pendent jurisdiction over this defendant.[4]

The Court concludes that plaintiff's arguments are without merit. As a court of limited jurisdiction, this court is confined to cases where there is *complete* diversity of citizenship between the parties. In this case, it is undisputed that defendant Moore is a citizen of the same state as plaintiff. The law is well established that, in diversity suits, complete diversity of citizenship is required. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Verhouvsek v. Degraffin,* 554 F.Supp. 344 (D.D.C. 1983).

 With respect to defendant Uy, plaintiff's allegations are irrelevant.

Whether diversity exists is determined as of the commencement of the action, not the time of the alleged injury. *Smith v. Sperling,* 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1113 n. 1, 1 L.Ed.2d 1205 (1957). Further even if the Uy corporation does have its principal place of business in the District of Columbia, that does not nullify the fact it was incorporated in the state of Maryland thereby creating citizenship in Maryland. *Verhouvsek,* 554 F.Supp. at 344. For the purpose of diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it is incorporated *and* of the state where it has its principal place of business. *District of Columbia v. Transamerica Ins. Co.,* 797 F.2d 1041, 1043 (D.C.Cir.1986) (emphasis the Court's); 28 U.S.C. § 1332(c). There can be no overlap between plaintiff and defendant with respect to these places. *Id.* Accordingly, this case will be dismissed for lack of subject matter jurisdiction.[5]

---

**3.** Defendant Uy also seeks dismissal alleging that the Court lacks personal jurisdiction over it as a corporate entity. Since the Court has determined that it lacks subject matter jurisdiction over this case, there is no need to address this issue.

**4.** The doctrine of pendent jurisdiction is not applicable to this case.

**5.** The Court notes that plaintiff has taken no action to overcome the jurisdictional impediments of this case, particularly with respect to Ms. Moore. *See Eze v. Yellow Cab Co. of Alexandria, Va., Inc.,* 782 F.2d 1064, 1065 (D.C.Cir. 1986) (plaintiffs had abundant notice of the jurisdictional defect urged in support of motion to dismiss and district court's dismissal of the complaint was proper).