The BANK OF NOVA SCOTIA, Plaintiff,

v.

S & W BERISFORD, INC., et al., Defendants.

No. 90 C 7210.

United States District Court, N.D. Illinois, E.D.

Dec. 17, 1990.

David H. Crawford, James H.M. Sprayregen, Chicago, for plaintiff.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Bank of Nova Scotia ("Bank") has just sued S & W Berisford, Inc. ("SWB") and its parent corporation Berisford International, plc ("Berisford"), purporting to ground federal jurisdiction in diversity of citizenship under 28 U.S.C. § 1332(a).[1] Based upon its threshold review of Bank's Complaint,[2] this Court sua sponte dismisses this action for lack of subject matter jurisdiction.

Complaint ¶ 2 identifies Bank as a Canadian chartered bank—and hence as an "alien" for diversity purposes. In the terms prescribed by Section 1332(c), Complaint ¶ 3 identifies SWB as a citizen of both Delaware (where it is incorporated) and New York (where it has its principal place of business). Complaint ¶ 5 says "Berisford is a corporation organized under the laws of the United Kingdom with its principal place of business in London, England"—and is hence another "alien" in citizenship parlance.

What we have, then, is one alien suing both (1) another alien (it seems as the principal target of the litigation, though that is not really vital to the discussion[3]) and (2) a

1. All further references to Title 28's provisions will simply take the form "Section—."

2. This Court always undertakes such an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

3. Complaint ¶ 4 asserts on information and belief that SWB "is principally a holding company for Berisford's United States properties," while Complaint ¶ 6 says this:

> Berisford is one of the United Kingdom's largest corporations and is engaged in numerous business ventures including real estate, commodities, and financial services.

Bank's carefully-drafted and informative Complaint makes it plain that Berisford was the principal in the negotiations that led up to the

citizen of more than one state of this country. Although Complaint ¶ 8 asserts that there is "complete diversity between the defendants and the plaintiff," Complaint ¶ 7 does not identify which subsection of Section 1332(a) confers such jurisdiction under those circumstances—another illustration of the fact that even able counsel all too frequently miss the federal jurisdictional forest while paying meticulous attention to the trees (the substantive dispute).

It takes only a quick look at Section 1332(a) to see that only two of its provisions could possibly qualify to authorize the present action in a federal court—those conferring district court jurisdiction where the action is between:

(2) citizens of a State and citizens or subjects of a foreign state; [or]

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties.

Because there are no United States citizens on *both* sides of the dispute, the latter provision clearly does not apply, while a bit more discussion is needed to explain why the former does not either.

If Berisford—the alien defendant—could simply be ignored, Section 1332(a)(2) would describe this action. But that possible (though strained) reading of the statutory provision is not how jurisdictional jurisprudence has developed, for as *Newman–Green, Inc. v. Alfonse–Larrain*, 490 U.S. 826, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989) (emphasis in original, footnote omitted) has put it succinctly:

When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal. *Strawbridge v. Curtiss*, (3 Cranch) 267, 2 L.Ed. 435 (1806).

For that reason the authorities uniformly reject federal jurisdiction in the situation this case presents. Thus the per curiam opinion in *Eze v. Yellow Cab Co. of Alex-*

*andria, Va.*, 782 F.2d 1064, 1065 (D.C.Cir. 1986) (citations omitted, emphasis added) has said:

Federal jurisdiction is authorized where there is a suit between a citizen of a state and citizens or subjects of a foreign state. Congress has also authorized federal jurisdiction in suits between citizens of different states in which citizens of foreign countries are additional parties. But under long-held precedent, diversity must be "complete." *A diversity suit, in line with the Strawbridge rule, may not be maintained in federal court by an alien against a citizen of a state and a citizen of some other foreign country.*[4]

Accord, such cases as *IIT v. Vencap, Ltd.*, 519 F.2d 1001, 1015 (2d Cir.1975); *Ed & Fred, Inc. v. Puritan Marine Insurance Underwriters Corp.*, 506 F.2d 757, 758 (5th Cir.1975); *Philan Insurance Ltd. v. Frank B. Hall & Co.*, 712 F.Supp. 339, 345 (S.D.N.Y.1989); *L'Europeenne de Banque v. La Republica de Venezuela*, 700 F.Supp. 114, 126 (S.D.N.Y.1988); and see 1 *Moore's Federal Practice* ¶ 0.75[1.–2], at 709.7 (2d ed. 1990) (footnote and citations omitted) ("Likewise, a lack of complete diversity will defeat jurisdiction if an alien is opposed to a citizen of a state and another alien").

Federal courts are courts of limited jurisdiction, constrained by the limits of what Congress has chosen to vest in them. *Newman–Green*, 109 S.Ct. at 2221 n. 1 is but the most recent of the cases teaching that the complete diversity requirement defined by *Strawbridge* is a function of the diversity statute and not the Article III constitutional limitations. In those statutory terms Bank has failed to bring itself within the confines of Section 1332(a). This action is dismissed for lack of subject matter jurisdiction.

---

guaranties on which Bank sues, although the documents ultimately included guaranties executed both by Berisford and its wholly-owned subsidiary SWB.

**4.** [Footnote by this Court] Although our own Court of Appeals has not had occasion to speak

to this subject so far as this Court has been able to ascertain, Senior Judge Fairchild of our Circuit was a member of the panel that ruled per curiam in *Eze*.