Allen W. FOX

v.

G. Albert BOURGEOIS, et al.

No. 92–302–L.

United States District Court,
D. New Hampshire.

Aug. 24, 1992.

Paul W. Hodes Esq., Roussos, Hage & Hodes, Manchester, N.H., for plaintiff.

John A. Rachel, Law Offices of Daniel W. Sklar, P.C., Manchester, N.H., for defendants.

ORDER

LOUGHLIN, Senior District Judge.

Before the Court is defendants' Motion to Dismiss for lack of subject matter jurisdiction. At issue is whether complete diversity exists pursuant to 28 U.S.C. § 1332(a)(2).

The following facts are not in dispute. Plaintiff Allen W. Fox is a Canadian citizen and has not been admitted to the United States for permanent residence thus making plaintiff an alien for purposes of this action. (doc. no. 10, Plaintiff's Objection to Motion to Dismiss). Individual defendant Amal Wahab is a Sri Lanka citizen who has not been admitted to the United States for permanent residence and is thus also an alien for purposes of this action. (doc. no. 5, Exhibit A, Affidavit of Amal Wahab attached to Motion to Dismiss). Individual defendant Vaiz Karamat is a Pakistan citizen who is an alien for purposes of this action. _Id._ Finally, defendant Maseelah Trading Co. W.L.L. is a Kuwait corporation with its principal office in Safat, Kuwait. _Id._ Based on these facts, defendants move to dismiss this case for lack of subject matter jurisdiction. Plaintiff in response, agrees that complete diversity is lacking and instead seeks to dismiss the three defendants discussed _supra_ in order to maintain the Court's jurisdiction over the case as it relates to the remaining defendants that will not be listed here.

 It is now axiomatic that complete diversity must exist for purposes of 28 U.S.C. § 1332(a) when aliens are involved in an action in order for a federal district court to have subject matter jurisdiction

---

over the action. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Faysound Ltd. v. United Coconut Chemicals, Inc.,* 878 F.2d 290, 294–295 (9th Cir. 1989); *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1557 (11th Cir.1989); *Eze v. Yellow Cab Co. of Alexandria, Va., Inc.,* 782 F.2d 1064, 1065 (D.C.Cir.1986); *Panalpina Welttransport GMBH v. Geosource, Inc.,* 764 F.2d 352, 354 (5th Cir.1985). Although complete diversity is not of constitutional dimensions, the established judicial construction of the general diversity statute (§ 1332) requires complete diversity. *Ed & Fred, Inc. v. Puritan Mar. Ins. U. Corp.,* 506 F.2d 757, 758 (5th Cir.1975) (citing *State Farm Fire and Ca. Co. v. Tashire,* 386 U.S. 523, 530–531, 87 S.Ct. 1199, 1203–04, 18 L.Ed.2d 270 (1967)). In the instant matter, plaintiff's status as an alien for purposes of § 1332 along with Wahab's, Karamat's and Maseelah Trading Co. W.L.L.'s statuses as aliens obviously defeats the requirement of complete diversity. This point is not in dispute. The problem faced by the Court is whether it has the power to entertain plaintiff's motion to dismiss the alien defendants. If it does have the power, then granting plaintiff's motion will be possible. If not, the Court will have no alternative but to dismiss the case in its entirety albeit without prejudice. *See* Fed.R.Civ.P. 41(b). If dismissed, plaintiff would have to reinitiate the action as against the non-alien defendants.

It does not appear that any court has specifically addressed this issue. However, at least one court has provided an implicit answer to this issue in its final comments. The D.C. Circuit Court of Appeals in the *Eze* decision *supra,* indicated in its closing comments that the plaintiff in *Eze* did not move in the district court to drop the individual defendant causing complete diversity to be lacking although the plaintiff had abundant notice of the jurisdictional problem. *Eze,* 782 F.2d at 1065. A necessary prerequisite assumption in making such a statement is that a district court has the power to address motions or amendments to complaints that are brought forth to repair deficiencies in subject matter jurisdiction even though the original complaint is fatally flawed. This Court is not completely convinced that this is the appropriate answer to a question concerning such a fundamental component of our judicial system. Nevertheless, certain facts of the present matter coupled with the concerns of justice and judicial efficiency and expediency lend support for following this resolution of the problem. If the case were dismissed in its entirety, the dismissal would be without prejudice thereby allowing plaintiff to re-institute the case. As plaintiff has now moved to dismiss the party defendants defeating complete diversity it is apparent that plaintiff desires to have this Court hear this case and thus would more than likely refile thus delaying resolution of the dispute which would again be before the Court. This result is clearly in derogation of the concerns for judicial efficiency and expediency. Accordingly, the Court denies defendants' Motion to Dismiss and grants plaintiff's Motion to Dismiss defendants Wahab, Karamat and Maseelah Trading Co. W.L.L. pursuant to Fed. R.Civ.P. 41(a)(2).