**QIAN IBRAHIM ZHAO, Appellant**

v.

**UNKNOWN AGENT OF the CENTRAL INTELLIGENCE AGENCY and Janet Ann Napolitano, Secretary of Department of Homeland Security, Appellees.**

No. 09–5425.

United States Court of Appeals, District of Columbia Circuit.

Dec. 3, 2010.

Qian Ibrahim Zhao, China, pro se.

Addy Renee Schmitt, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: HENDERSON, GARLAND, and BROWN, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed November 16, 2009 be affirmed. Appellant failed to state a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against the Secretary of the Department of Homeland Security because he did not allege that the Secretary, through her "own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, —— U.S. ——, ——, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). Appellant's

claims under *Bivens* against the unknown CIA agent are barred by the applicable statute of limitations. See D.C.Code § 12–301; *see also Wallace v. Kato,* 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) ("[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." (internal quotation marks, alterations and citations omitted)).

The district court judge's sua sponte dismissal of the complaint for lack of subject matter jurisdiction is not a basis for disqualification. *See* Fed.R.Civ.P. 12(h)(3). By failing to seek leave from the district court to amend his complaint after it was dismissed, appellant forfeited the right to seek leave to amend on appeal. *See City of Harper Woods Employees' Retirement Sys. v. Olver,* 589 F.3d 1292, 1304 (D.C.Cir.2009). Finally, this court lacks jurisdiction to grant appellant's request for transfer to the Judicial Panel on Multidistrict Litigation. *See* 28 U.S.C. § 1407.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.