**No. 22-7076**                     **September Term, 2022**

**1:19-cv-03529-CJN**

**Filed On:** November 28, 2022

Karin Leffer and Beowulf von Prince,

        Appellants

    v.

Federal Republic of Germany, et al.,

        Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Katsas, Walker, and Childs, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and supplements filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED** that appellants' requests for relief contained in their supplements be denied. Insofar as appellants seek to amend their complaint by adding additional parties or claims, they did not first move for leave in the district court, and they have therefore forfeited the right to seek such relief on appeal. See Quian Ibrahim Zhao v. Unknown Agent of C.I.A., 411 F. App'x 336, 337 (D.C. Cir. 2010) (per curiam). Insofar as they request other forms of relief in their supplements, they have not demonstrated that they are entitled to such relief. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's March 26, 2021 and April 18, 2022 orders dismissing appellants' complaint be affirmed. The district court correctly concluded that appellees Germany, Switzerland, and Belgium are entitled to immunity pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1604, and that no exception to that statute applies in this case. With respect to the district court's dismissal of appellants' claims against the European Union,

appellants challenge the district court's conclusion that the European Union is a foreign state immune from the court's jurisdiction with respect to this case.  The district court, however, also concluded in the alternative that if the European Union is not a foreign state for purposes of the FSIA, then 28 U.S.C. § 1330 does not provide a basis for jurisdiction, and appellants have failed to identify a federal question or other basis for jurisdiction over this case.  See 28 U.S.C. § 1330 (vesting district courts with jurisdiction over civil actions against foreign states); 28 U.S.C. § 1331 (providing for federal jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"); Eze v. Yellow Cab Co., 782 F.2d 1064, 1065 (D.C. Cir. 1986) (per curiam) (no federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 in cases between two foreign parties).  Appellants have not raised on appeal any challenge to this alternative, independent ground for the dismissal of their claims against the European Union, and they have therefore forfeited any such challenge.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

        Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**