**FOODSERVICE AND LODGING INSTITUTE, INC., a nonprofit D.C. corporation, Appellant,**

v.

**Donald T. REGAN, U.S. Secretary of the Treasury, et al.**

**FOODSERVICE AND LODGING INSTITUTE, INC., a nonprofit D.C. corporation**

v.

**Donald T. REGAN, U.S. Secretary of the Treasury, et al., Appellants.**

Nos. 84–5385, 84–5525.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 21, 1985.

Decided Jan. 13, 1987.

Thomas W. Power, Washington, D.C., with whom Robert D. McDonald and Thomas A. Cocciardi, Washington, D.C., were on brief for appellant in No. 84–5385 and cross-appellee in No. 84–5525.

Steven I. Frahm, Atty., Dept. of Justice, with whom Glenn L. Archer, Jr., Asst. Atty. Gen., Dept. of Justice, Joseph E. diGenova, U.S. Atty. and Michael L. Paup, Atty., Dept. of Justice, Washington, D.C., were on brief for appellees in No. 84–5385 and cross-appellants in No. 84–5525.

Before ROBINSON, EDWARDS and SCALIA,* Circuit Judges.

Opinion for the Court PER CURIAM.

PER CURIAM:

The appellant, the Foodservice and Lodging Institute, Inc. (the "Institute"), brought this action against the Secretary of the Treasury and the Commissioner of Internal Revenue ("IRS") on behalf of employers in the restaurant, food and beverage industry, requesting the District Court to declare invalid and enjoin the enforcement of four tax regulations dealing with tip income reporting and withholding requirements. The District Court upheld the regulations as "not arbitrary, irrational, unconstitutional, contrary to or in excess of statutory directive,"[1] and granted summary judgment for the defendants. The appellant seeks review of the District Court's decision on the merits, and the appellees cross-

appeal on the question of subject matter jurisdiction.

We find that the District Court was barred from considering the challenge to at least two of these regulations by the Anti-Injunction Act, 26 U.S.C. § 7421(a) (1982) and the Declaratory Judgment Act, 28 U.S.C. § 2201 (Supp. III 1985). We therefore vacate and remand that portion of the District Court's decision with instructions to dismiss these challenges for lack of subject matter jurisdiction. On the two remaining claims, we affirm the District Court's grant of summary judgment.

I. BACKGROUND

Section 314 of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub.L. No. 97–248, 96 Stat. 324, 603, instituted new tip income reporting requirements which are codified in section 6053(c) of the Internal Revenue Code (the "Code"), 26 U.S.C. § 6053(c) (1982), and the IRS published proposed regulations concerning the new provisions. After the Institute and other interested parties filed comments raising certain objections to the proposed regulations, the IRS published the final regulations together with an explanation of its reasons. 48 Fed.Reg. 36,807 (1983).

The appellant raises one challenge to a regulation promulgated in 1969 that governs an employer's liability for federal taxes due on an employee's reported tips, and three challenges to regulations promulgated in 1982 under the TEFRA.

II. REGULATIONS CONCERNING THE ASSESSMENT OR COLLECTION OF FEDERAL TAXES

The first of the 1982 regulations challenged here requires that, in making the tip income allocation required by section 6053(c)(3) of the Code,[2] an employer must

---

* Judge (now Justice) Scalia was a member of the panel at the time this case was argued, but did not participate in this decision.

1. *Foodservice & Lodging Inst. v. Regan,* 583 F.Supp. 1018, 1027 (D.D.C.1984), *reprinted in* Appendix ("App.") 26.

2. That section provides:

§ 6053. Reporting of tips

. . . .

(c) Reporting requirements relating to certain large food or beverage establishments

. . . .

(3) Employee allocation of 8 percent of gross receipts

(A) In general

make allocations only among directly tipped employees, and not among indirectly tipped employees. 26 C.F.R. § 31.6053–3(f)(1) (1986). The second challenged regulation, promulgated under section 6053(c)(4) of the Code,[3] specifies that, in determining whether a food or beverage establishment employs "more than 10 employees" so as to be subject to section 6053(c) and its implementing regulations,

> [t]he employees of an employer shall include all employees at all food or beverage operations who, along with the employees of such employer, would be treated as employees of a single employer under section 52(a) or (b) (as in effect on September 3, 1982) and the regulations thereunder.

26 C.F.R. § 31.6053–3T(j)(9) (1986).[4] The appellant's third challenge is to 26 C.F.R. § 31.3402(k)–1(c) (1986), promulgated in 1969 pursuant to 26 U.S.C. § 3402(k) (1982). This regulation provides that, in withholding federal income and social security taxes from employee wages, the employer must give priority to federal taxes on an employee's reported tips over any other claims on the employee's salary.

Because at least two of these regulations plainly concern the assessment or collection of federal taxes, the appellant's challenges to them are barred by the Anti-Injunction Act and the Declaratory Judgment Act. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a) (1982). The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (Supp. III 1985). By their terms, these statutes clearly bar the appellant's claims for injunctive and declaratory relief as to the allocation requirement and the ten-employee rule.

■ We reject the appellant's contention, which the District Court accepted, that these two challenges fall within the narrow exception to the Anti-Injunction Act created in *South Carolina v. Regan*, 465 U.S. 367, 373, 104 S.Ct. 1107, 1111, 79 L.Ed.2d 372 (1984), which permits an action for injunctive relief against the IRS if the aggrieved party has no alternative remedy. With respect to both the allocation requirement and the ten-employee rule, employers

---

For purposes of paragraphs (1)(E) and (2)(C), the employer of a large food or beverage establishment shall allocate (as tips for purposes of the requirements of this subsection) among employees performing services during any payroll period who customarily receive tip income an amount equal to the excess of—
 (i) 8 percent of the gross receipts (other than nonallocable receipts) of such establishment for the payroll period, over
 (ii) the aggregate amount reported by such employees to the employer under subsection (a) for such period.
 (B) Method of allocation
 The employer shall allocate the amount under subparagraph (A)—
 (i) on the basis of a good faith agreement by the employer and the employees, or
 (ii) in the absence of an agreement under clause (i), in the manner determined under regulations prescribed by the Secretary.
26 U.S.C. § 6053(c)(3)(A), (B) (1982).

**3.** That section provides, in relevant part:

(4) Large food or beverage establishment
 For purposes of this subsection, the term "large food or beverage establishment" means any trade or business (or portion thereof)—
 (A) which provides food or beverages,
 (B) with respect to which the tipping of employees serving food or beverages by customers is customary, and
 (C) which normally employed more than 10 employees on a typical business day during the preceding calendar year.
 For purposes of subparagraph (C), rules similar to the rules of subsections (a) and (b) of section 52 shall apply under regulations prescribed by the Secretary....
26 U.S.C. § 6053(c)(4) (1982 & Supp. III 1985).

**4.** Sections 52(a) and (b) of the Code provide that employees of businesses under common control shall be treated as employees of a single employer for purposes of computing tax credits for employment of certain new employees. 26 U.S.C. § 52(a), (b) (1982 & Supp. III 1985).

can refuse to comply, pay the statutory fine,[5] and sue for a refund of the fine. Therefore, it is clear that alternative remedies are available. We therefore hold that the District Court was statutorily barred from hearing these two challenges, and we vacate the portion of the court's decision upholding these regulations and remand to the District Court with instructions to dismiss the claims for lack of jurisdiction.

▮▮▮▮ The issue concerning the regulation governing the withholding priority is less clear. The Government claims that, if the salary due an employee is insufficient to satisfy both the employer's federal withholding obligation and any debts due the employer, the employer may pay the withholding tax under protest and sue for a refund to the extent the salary was used to pay withholding on tips rather than to satisfy other debts.[6] The District Court held that no such refund suit would be cognizable under 26 U.S.C. § 6414 (1982) because the employer would not be contesting any ultimate liability for taxes.[7] We are inclined to agree with the Government's position on this point, but we need not decide the issue. Even if the District Court did have jurisdiction to consider the withholding priority regulation, we would still affirm the judgment of the trial court. On the record before us, it is clear that the appellant has failed to demonstrate that the disputed regulation is either unreasonable or plainly inconsistent with the statute that it seeks to implement. Because we

are required to defer to IRS regulations that "implement the congressional mandate in some reasonable manner,"[8] the appellant's challenge to the withholding priority regulation must fail.[9]

III. THE REGULATION CONCERNING REPORTING REQUIREMENTS OF EMPLOYERS IN THE RESTAURANT FOOD AND BEVERAGE INDUSTRY

The fourth regulation challenged by the Institute was promulgated pursuant to section 6053(c)(1) of Code, which provides, in relevant part:

§ 6053. Reporting of tips

. . . .

(c) Reporting requirements relating to certain large food or beverage establishments

(1) Report to Secretary

In the case of a large food or beverage establishment, each employer shall report to the Secretary, at such time and manner as the Secretary may prescribe by regulation, the following information with respect to each calendar year:

(A) The gross receipts of such establishment from the provision of food and beverages (other than nonallocable receipts).

(B) The aggregate amount of charge receipts (other than nonallocable receipts).

---

5. *See* 26 U.S.C. § 6678(a)(3)(E) (1982 & Supp. III 1985).

6. We also note that, with respect to the withholding priority, the employer can sue any employee whose salary proves insufficient to cover both his federal tax liabilities and other liabilities to the employer. However, we are less sure that this fits the notion of an "alternative remedy" as contemplated in *South Carolina v. Regan*, 465 U.S. 367, 373, 104 S.Ct. 1107, 1111, 79 L.Ed.2d 372 (1984).

7. *Foodservice & Lodging Inst.*, at 1023–24, reprinted in App. 19.

8. *Commissioner v. Portland Cement Co.*, 450 U.S. 156, 169, 101 S.Ct. 1037, 1045, 67 L.Ed.2d 140

(1981) (quoting *United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 450, 19 L.Ed.2d 537 (1967)).

9. *See Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948), where the Court stated:

This Court has many times declared that Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes and that they constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons.

(C) The aggregate amount of charged tips shown on such charge receipts.

26 U.S.C. § 6053(c)(1) (1982). The regulation at issue does not track the language of this statute exactly. It requires an employer to report the "aggregate amount of charge receipts (other than nonallocable receipts) *on which there were charged tips*" and the "aggregate amount of charged tips shown on such charge receipts." 26 C.F.R. § 31.6053–3(a)(1)(iv), (v) (1986) (emphasis added). As the italicized language indicates, the regulations require the employer to submit only a specific subclass of the class of receipts described in the statute. Because of this difference, the Institute challenges this regulation as arbitrary, capricious and not in accordance with the statute.

■ On its face, the regulation does not relate to the assessment or collection of taxes, but to IRS efforts to determine the extent of tip compliance in the food and beverage industry.[10] Thus, the District Court acted within its jurisdiction in addressing the merits of the Institute's challenge. In the District Court, the Institute argued that (1) the regulation's segregation requirement is not in accordance with the Code, and (2) there is no rational basis for the segregation requirement because it is unduly burdensome and will not help the IRS ascertain tip income more accurately.[11] We find these arguments meritless.

■ Because the purpose of section 6053(c) of the Code is to provide data useful for assessing tip compliance,[12] the District Court rejected the argument that the IRS's decision to require reporting of only those charge receipts showing charged tips was unreasonable or not in accordance with the Code. We agree with the District Court. The Institute argues that the application of this regulation will reflect an artificially high tip rate by assuming that *all* customers who charge their purchases but do not charge their tips are leaving cash tips instead, thus ignoring the fact that some charge customers "stiff" their servers. Yet, the Institute alternative proposal—comparing charged tips with total charge receipts—will produce an artificially *low* tip rate by excluding from the calculation those charge customers who *do* leave cash tips. Thus, each proposal will result in some inaccuracy, since each will produce only an estimate of the actual tip rate.

**10.** Section 314(c) of the TEFRA provides:

(c) STUDY OF TIP COMPLIANCE.—The Secretary of the Treasury or his delegate shall submit before January 1, 1987, to the Committee on Ways and Means of the House of Representatives and to the Committee on Finance of the Senate a report with respect to tip compliance in the food and beverage service industry. Such study shall include, but not be limited to, an analysis of tipping patterns, tip-sharing arrangements, and tip compliance patterns.

Pub.L. No. 97–248, § 314(c), 96 Stat. 324, 605 (1982).

As the District Court observed, "[t]he avowed purpose of Section 6053(c) was to assist the Service in its examination of returns filed by tipped employees and to provide the Service with data from which it could target ... underreporting." *Foodservice & Lodging Inst.*, at 1025 (citing H.R. CONF.REP. No. 760, 97th Cong., 2d Sess. 556 (1982), *reprinted in* 1982 U.S. CODE CONG. & ADMIN.NEWS 1190, 1328), *reprinted in* App. 21.

The preamble to the final regulations also reflects their purpose:

The regulations generally provide that, for calendar year 1983 and thereafter, an employer shall file a separate calendar year information return for each of the employer's food or beverage establishments. The regulations describe the information required on the return. Such information includes aggregate charge receipts on which there were charged tips and aggregate charged tips. Several commentators have stated that the requirement to segregate charge receipts with charged tips from charge receipts without charged tips is an unwarranted administrative burden. The information is necessary, however, for both compliance purposes and the Congressionally mandated tip study provided for in section 314(c) of the Tax Equity and Fiscal Responsibility Act of 1982 (Pub.L. 97–248, 96 Stat. 605).

48 Fed.Reg. 36,807, 36,808 (1983).

**11.** *Foodservice & Lodging Inst.* at 1026, *reprinted in* App. 21.

**12.** *See* note 10 *supra.*

The mere existence of an equally plausible alternative, however, does not establish that the IRS's decision is unreasonable or inconsistent with the statute, and does not empower a court to substitute its own judgment for that of the agency.

■ The agency need only "implement the congressional mandate in some reasonable manner."[13] Under this standard of review, we do not find the regulation at issue to be infirm, and we can find no "weighty reasons" to overturn it.[14] The appellant has demonstrated no clear error of judgment, and the rulemaking record reveals that the IRS considered and reasonably rejected the appellant's concerns.[15] We therefore affirm this portion of the District Court's decision.

## IV. CONCLUSION

We vacate and remand that portion of the District Court's decision concerning the allocation requirement and the ten-employee rule, with instructions to dismiss the appellant's challenges for lack of subject matter jurisdiction. On the two remaining claims, we affirm the District Court's grant of summary judgment.

*So ordered.*

---

**13.** *Commissioner v. Portland Cement Co.,* 450 U.S. at 169, 101 S.Ct. at 1045.

**14.** *Commissioner v. South Texas Lumber Co.,* 333 U.S. at 501, 68 S.Ct. at 698.

**15.** *See* note 10 *supra* (preamble to final regulations).