927 F.2d 596
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
B.G. STEPHENSON, individually and in his capacity as
administrator of the B.G. Stephenson, Ltd. money purchase
pension plan and administrator of the B.G. Stephenson Plan,
Stephenson & Balthrop, Ltd, solely in its capacity as
employer with respect to the two plans, Plaintiffs-Appellants,
v.
Nicholas F. BRADY, Secretary, Department of the Treasury,
Fred Goldberg, solely in his official capacity as the
commissioner of the Internal Revenue Service, Internal
Revenue Service, Defendants-Appellees.
 No. 90-3042.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1990.
Decided Feb. 26, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-89-1486-A)
 Christopher Keith Speed, Arthur and Speed, Ltd., Arlington, Va. (argued), for appellants; Charles E. Pazar, Stephenson, Kellogg, Krebs & Moran, P.C., Fairfax, Va., on brief.
 David Arthur Hubbert, Tax Division, United States Department of Justice, Washington, D.C. (argued), for appellees; Shirley D. Peterson, Assistant Attorney General, Gary R. Allen, Kenneth L. Greene, Tax Division, United States Department of Justice, Washington, D.C., Henry E. Hudson, United States Attorney, Alexandria, Virginia, on brief.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and NORTON, United States District Judge for the District of South Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 B.G. Stephenson, individually and in his capacity as trustee of two inactive profit sharing pension plans, appeals from an order of the district court which granted the Internal Revenue Service's (IRS) motion to dismiss for lack of jurisdiction. Stephenson sought declarations that certain IRS regulations concerning filing requirements for the plans were ultra vires, and that Stephenson was not liable for a penalty for failure to file annual informational forms for the plans while they were dormant.
 
 
 2
 The district court found that no case or controversy existed, because there was no assessment by the IRS in effect against Stephenson. The court concluded that subject matter jurisdiction was lacking under the provisions of the "tax exception" to the Declaratory Judgment Act, 28 U.S.C. Sec. 2201, which prohibits actions seeking a declaration "with respect to federal taxes," and the Anti-Injunction Act, 26 U.S.C. Sec. 7421, which bars an action to restrain "the assessment or collection of any tax." For the reasons to be set forth, we affirm the judgment of the district court.
 
 I.
 
 3
 Employers maintaining funded pension plans must file an annual informational return with the IRS, pursuant to 26 U.S.C. Sec. 6058(a). Section 6058(a), however, refers only to funded pension plans; on the face of the statute, it is not clear whether the filing requirement also applies to plans for which funding has been discontinued. In January 1980, Stephenson discontinued funding the two profit sharing pension plans he had maintained since before 1974 for Stephenson & Balthrop, Ltd., a now-defunct Virginia professional corporation which at that time engaged in the practice of law. Having consulted the implementing regulation, 26 C.F.R. Sec. 301.6058-1 (1990) and the instructions and forms[1] to which the regulation refers, Stephenson's counsel determined that the IRS promulgated no forms for such unfunded plans. On the basis of this information Stephenson ceased filing annual returns for these plans.
 
 
 4
 In November 1988, an employee of the IRS Collection Division appeared at Stephenson's offices and claimed that Stephenson owed a $15,000 penalty under 26 U.S.C. Sec. 6652(e) for not having filed returns for the pension plans since 1980. During this period of time, Stephenson was involved in an action pending in United States Tax Court in which he sought a declaratory judgment to review the IRS Commissioner's finding that both pension plans were disqualified for purposes of 26 U.S.C. Sec. 401.[2] As a part of this action, Stephenson asked the Tax Court for a declaration that he was not required to file the annual returns. The Tax Court issued an order declaring the plans qualified, but declined to take jurisdiction to rule on the issue of whether continued filings were required. The Tax Court requested that Stephenson seek a ruling on the filing and penalty issues from the National Office of Internal Revenue. Meanwhile, in May 1989 Stephenson received an unsigned letter from the IRS stating that he was no longer liable for the "tax" of $15,000 that had been purportedly assessed the previous November.
 
 
 5
 Following the Tax Court's recommendation, Stephenson sought a ruling concerning the filing and penalty issues from the IRS. Stephenson withdrew his request, however, when the IRS indicated that it would rule against him on all factual and legal issues. Representatives of the IRS District Office in Washington, D.C. then invited Stephenson to negotiate a settlement. Stephenson alleges that the negotiations terminated when the IRS refused his proposal and asserted its desire to seek substantial penalties.
 
 
 6
 In October 1989 Stephenson filed an action against the IRS in the United States District Court for the Eastern District of Virginia, seeking a declaration that 26 C.F.R. Sec. 301.6058-1 exceeds the agency's authority under the Administrative Procedure Act, 5 U.S.C. Sec. 553(b) (APA). Stephenson alleged that the regulation violated the APA because (1) the Commissioner had not submitted the informational forms for notice and comment; (2) the regulation violated Section 6058(a) in that it did not incorporate the contents of the forms and instructions; and (3) the Commissioner could make substantive changes to the regulation by altering the forms and instructions without following the notice and comment procedure.[3] Stephenson also sought a declaration that he was not liable for any penalty for failure to file the returns.
 
 
 7
 The IRS moved to dismiss the complaint on the ground that the district court lacked subject matter jurisdiction under the "tax exception" to the Declaratory Judgment Act, 28 U.S.C. Sec. 2201, which prohibits actions seeking a declaration "with respect to federal taxes," and under the Anti-Injunction Act, 26 U.S.C. Sec. 7421, which bars an action to restrain "the assessment or collection of any tax."
 
 
 8
 The district court, having concluded that jurisdiction was lacking, entered an order granting the motion to dismiss. From the bench, Judge Albert V. Bryan held that there was no case or controversy before the court because there was no IRS assessment against Stephenson. Judge Bryan also found that the action was prohibited by the Declaratory Judgment Act and the Anti-Injunction Act. Stephenson appealed.
 
 II.
 
 9
 The Constitution provides that the jurisdiction of the federal courts extends only to actual cases and controversies. U.S. Const. art. III, Sec. 2, cl. 1. In determining whether an issue represents a real controversy or a nonjusticiable abstract question, courts look to whether the parties have standing, whether the case is moot, and whether the case is ripe for review.
 
 
 10
 A plaintiff has standing if he was actually injured or threatened with injury by defendant's conduct, and if a favorable decision will be likely to provide redress. Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 491-92 (1982). Stephenson claims that the penalty assessment in effect against him between November 1988 and May 1989 constitutes the required injury. The IRS withdrew the assessment prior to any payment by Stephenson, however, and Stephenson is currently under no assessment. Until such time as the IRS may assess a penalty, Stephenson has suffered no injury and thus remains without standing.
 
 
 11
 Stephenson's claim of continued injury from the threat of future assessment implicates considerations of mootness, i.e., whether the issues presented are still "live" and thus the controversy real. The IRS argues that the resolution of the Tax Court litigation mooted this dispute. Stephenson claims that his situation is one "capable of repetition, yet evading review," and that therefore under Kennedy v. Block, 784 F.2d 1220 (4th Cir.1986), his case is not moot.
 
 
 12
 We cannot agree with Stephenson that his case meets the test of Kennedy. Kennedy involved a tenant's suit against his landlord to enjoin his eviction. Because the tenant and landlord had settled their dispute while the litigation was pending in district court, this court held that the tenant's claim was rendered moot. We stated that the mooting effect of the settlement could be avoided only if the situation were found to be "capable of repetition, yet evading review" under the following conditions: (1) there exists a reasonable expectation that the plaintiff will be subjected to the same action again, and (2) if that happens, the action will be too short in duration for the plaintiff to litigate it fully prior to its cessation or expiration. 784 F.2d at 1222-23.
 
 
 13
 In this case, there is a possibility that the IRS may again assess a penalty from Stephenson, especially since the parties here, unlike those in Kennedy, have not achieved a settlement, and since Stephenson has been unable so far to obtain a definite statement from the IRS that he is not still liable for the penalty. This possibility, however, is only that--a possibility, not a reasonable probability or expectation as the Kennedy test requires.
 
 
 14
 Even if Stephenson could successfully show that the IRS is likely to reimpose the penalty, he can do no more than surmise that the future assessment period would be too short to allow him to fully litigate his claim.[4] On the contrary, it seems likely that the IRS would not impose the penalty again unless it were sure of its legal position pursuant to this appeal, and in that case the IRS would have no incentive to withdraw the assessment until the matter was fully litigated. Kennedy requires Stephenson to make a showing that the future process will be so short-lived that he will be unable to litigate his claims fully, a showing he has not made.
 
 
 15
 A matter may be "live" and the parties have standing, yet a case or controversy may still not exist if the issue involved is not ripe for adjudication. The Supreme Court has directed courts in making a ripeness determination to consider the fitness of the issue for judicial review, and the hardship to the parties that would result from withholding consideration of the issue. Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967). The Court in Abbott expressed the rationale of the ripeness doctrine as, in part, to "protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott, 387 U.S. at 148-49.
 
 
 16
 According to the Abbott criteria, Stephenson's case is not ripe. It is true that the issues involved are fit for review, in the sense that they are purely legal. Abbott, supra, 387 U.S. at 149; see American Paper Institute v. EPA, 660 F.2d 954, 958 n. 12 (4th Cir.1981). The administrative decision was formalized, in that the regulation at issue was fully implemented in 1980. However, Stephenson suffered no legal wrong from its enforcement against him, because he never had to pay the assessment. 5 U.S.C.A. Sec. 702 (1977); Abbott, supra, 387 U.S. at 140. The regulation's impact on Stephenson was not sufficiently direct and immediate to render the issue appropriate for judicial review. Id. at 152.
 
 
 17
 The Court in Abbott described the hardship prong of the ripeness consideration in terms of a regulation which requires "an immediate and significant change in the plaintiffs' conduct of their affairs with serious penalties attached to noncompliance." 387 U.S. at 153. In that case, the plaintiffs, pharmaceutical manufacturers, were required by the challenged regulation to comply immediately, incurring great expense by changing all of their labels, advertisements, and other materials to include certain newly-required information, or risk serious criminal and civil penalties. In Stephenson's case, compliance with the regulation entails at most inconvenience and relatively minor expense--all he must do to comply is to continue to make annual filings. Conformity with the regulation would not cause Stephenson any injury that would be cognizable by a court of equity. Id. at 150, citing Columbia Broadcasting System v. United States, 316 U.S. 407, 418-19 (1942).
 
 
 18
 Concerning his past noncompliance, Stephenson can claim only a possible future financial loss, in the event that the IRS decides to assess him again. The Supreme Court has explicitly stated that such speculative loss is not by itself a sufficient interest to sustain judicial challenge to government action, especially when it is not clear that the plaintiff has standing. Abbott, supra, 387 U.S. at 153.
 
 
 19
 Finally, even if Stephenson's claims were to be considered ripe for review under Abbott, this court could still not review the claims for purposes of issuing a declaration. The Abbott Court would not have reviewed the drug companies' claims if there had been an applicable statutory bar to such review. Abbott, supra, 387 U.S. at 153. Because the matter at hand concerns federal taxes, there is a statutory bar which prevents this court from granting the relief Stephenson seeks: the "tax exception" to the Declaratory Judgment Act.
 
 III.
 
 20
 The Declaratory Judgment Act, 28 U.S.C. Sec. 2201(a), bars district courts from exercising jurisdiction over cases or actual controversies "with respect to" taxes. Congress enacted this tax exception to prevent the use of the Act as a means of avoiding the established principle that a taxpayer must pay the assessment before he may challenge it. Flora v. United States, 362 U.S. 145, 163-64 (1960). A controversy is "with respect to" federal taxes if it calls into "question a specific provision of the Internal Revenue Code, or ... a ruling or regulation issued under the Code." McCarthy v. Marshall, 723 F.2d 1034, 1037 (1st Cir.1983) (district court lacked jurisdiction to issue declaration concerning the validity of a tax regulation).
 
 
 21
 The Anti-Injunction Act, 26 U.S.C. Sec. 7421, operates in conjunction with the Declaratory Judgment Act to limit actions by taxpayers contesting assessments in federal district court to actions seeking refunds. See Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). With certain limited exceptions, the Anti-Injunction Act bars suits "restraining the assessment or collection of any tax."
 
 
 22
 The Supreme Court has created an exception to these statutory bars. To qualify for the exception, the aggrieved party must show that (1) the government could under no circumstances prevail and the prerequisites for equity jurisdiction are met, and (2) there is no access at all to judicial review, i.e., plaintiff will suffer irreparable injury. California v. Regan, 641 F.2d 721, 723 (9th Cir.1981), citing Enochs, supra, 370 U.S. at 6-7, and Bob Jones University v. Simon, 416 U.S. 725, 745 (1974). In Enochs, the Court emphasized that a showing of irreparable harm is not enough to grant an injunction; the focus should be on whether the government's action has any chance of success on the merits. Enochs, 370 U.S. at 6-7.
 
 
 23
 Stephenson's case does not satisfy the requirements to come within the Enochs exception. As did the petitioner's claim in Bob Jones, Stephenson's claim rests mainly on an allegation of irreparable harm: that he was unjustly subjected to an assessment under invalid regulations and that this event may recur. Thus, the harm Stephenson may suffer is not irreparable. In essence, Stephenson argues that he wants the matter resolved now, rather than having to wait on the IRS to issue another assessment. Although we are sympathetic to Stephenson's situation, Enochs makes it clear that Stephenson's only recourse is to pay the penalty, if it is reimposed, and institute a refund action.
 
 
 24
 Most importantly, Stephenson fails to meet his burden of showing through specific facts that the IRS can under no circumstances ultimately prevail in a challenge to the regulation's validity. Commissioner v. Shapiro, 424 U.S. 614, 628-29 (1976). Under the applicable standard of review of a challenged regulation, the "rational basis" test, the reviewing court is required to defer to IRS regulations that "implement the congressional mandate in some reasonable manner." Foodservice & Lodging Institute, Inc. v. Regan, 809 F.2d 842, 845 (D.C.Cir.1987), quoting Commissioner v. Portland Cement Co., 450 U.S. 156, 169 (1981). Forty years ago the Supreme Court stated:
 
 
 25
 This Court has many times declared that Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes and that they constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons.
 
 
 26
 Commissioner v. South Texas Lumber Co., 333 U.S. 496, 501 (1948).
 
 
 27
 In Section 6058, Congress clearly left it to the Secretary, acting through the Commissioner, to determine what information was to be required and to promulgate such information by means of regulations. It is most unlikely that a reviewing court would find that the regulation at issue is an unreasonable execution of Section 6058.[5]
 
 
 28
 Because we find that the district court correctly dismissed this action for lack of jurisdiction, the court's order is
 
 
 29
 AFFIRMED.
 
 
 
 [1]
 The applicable forms are the Form 5500 series
 
 
 [2]
 If the pension plans were disqualified, they stood to lose substantial tax benefits: the employer's tax deduction for contributions, the exemption from tax of the income and gains of the plans, and the income tax exemption enjoyed by employees covered by the plan until they begin receiving the pension funds
 
 
 [3]
 In March 1989, a regulation containing a revised Form 5500 series was adopted, the end result of a notice and comment procedure which had begun in 1986. 54 Fed.Reg. 8631 (1989)
 
 
 [4]
 Stephenson argued this point by referring only to the duration of the past assessment (November 1988 to May 1989), which was indeed too short to allow for the claim to be fully litigated. The critical factor under Kennedy, however, is the duration of any future assessment the IRS might impose
 
 
 [5]
 Because this action is not ripe under Abbott, we do not reach Stephenson's allegations that the regulation and forms, as substantive regulations, were required to be subjected to notice and comment, and that the required information should have been included in 26 C.F.R. Sec. 301.6058-1