FILED
United States Court of Appeals
Tenth Circuit

June 1, 2022

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JERRY LAMBERD,

    Defendant - Appellant,

and

WYANDOTTE COUNTY,

    Defendant.

No. 21-3135
(D.C. No. 2:19-CV-02241-JWL)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **KELLY**, and **CARSON**, Circuit Judges.

_____

Jerry Lamberd appeals the district court's denial of his motion for relief from judgment. *See United States v. Lamberd*, 541 F. Supp. 3d 1274, 1275 (D. Kan. 2021). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

The United States ("Government") brought suit against Lamberd asserting that, as the sole member of Pro-Tec Roofing Supply, LLC, which had not elected to be taxed as a corporation, Lamberd personally owed Pro-Tec's unpaid employment and unemployment taxes plus penalties and interest for certain tax years prior to 2009.  After discovery, the district court issued a pretrial order that included stipulations to the fact of the assessments and to the court's subject matter jurisdiction under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.  The Government then moved for summary judgment, supporting its claims with Certificates of Assessments.  In response, Lamberd contended only that the amounts owed were not presumptively correct.  The district court granted summary judgment to the Government on both of its claims (one for the amount owed and one for enforcement of a tax lien on real property Lamberd owned).  Lamberd did not appeal that judgment.

Almost eleven months later, Lamberd filed a motion under Federal Rule of Civil Procedure 60(b)(4).  He argued that Treasury Regulation § 301.7701-2(a), which the Government had relied on in deeming Pro-Tec a disregarded entity for employment tax purposes, was invalid.  In relevant part, the regulation provides that, for the time periods at issue here (before 2009), "[a] business entity with only one owner is classified as a corporation or is disregarded; if the entity is disregarded, its activities are treated in the same manner as a sole proprietorship, branch, or division

of the owner." Treas. Reg. § 301.7701-2(a).[1] Lamberd contended that the regulation was invalid under a *Chevron* analysis[2] because it allowed an assessment to be made against him personally without the showing Congress required in 26 U.S.C. § 6672(a)—that he was a responsible person who willfully failed to pay over taxes an employer withholds, *see Slodov v. United States*, 436 U.S. 238, 244–45 (1978) (explaining § 6672(a)). He urged that an assessment based on an invalid regulation is itself invalid, and lacking a valid assessment, the district court lacked subject matter jurisdiction and its judgment was void.

The district court denied the motion because: (1) Lamberd had not shown that an invalid regulation deprives a district court of subject matter jurisdiction; (2) he provided no authority to support his argument that a valid tax assessment is a subject matter jurisdiction prerequisite under the Case or Controversy Clause, U.S. Const. art. III, § 2; (3) subject matter jurisdiction cannot be attacked collaterally under

---

[1] For wages paid on or after January 1, 2009, a single-owner business entity is not disregarded as an entity separate from its owner but is instead treated as a corporation for employment tax purposes. *See* Treas. Reg. § 301.7701-2(c)(2)(iv) (setting out special rules for employment tax purposes); *id.* § 301.7701-2(e)(5) (establishing applicable dates for paragraph (c)(2)(iv) regarding wages paid on or after various dates beginning with January 1, 2009).

[2] *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). When considering the validity of a regulation under *Chevron*, "[w]e ask first whether Congress has spoken to the precise question at issue. If so, we must apply the unambiguous meaning of the statute. If, however, the statute is ambiguous on the issue, we will defer to an agency's reasonable interpretation." *Am. Fed'n of Gov't Emps., Loc. 1592 v. Fed. Lab. Rels. Auth.*, 836 F.3d 1291, 1295 (10th Cir. 2016) (citations and internal quotation marks omitted).

Rule 60(b)(4); (4) Lamberd did not show there was no arguable basis for subject matter jurisdiction; and (5) he did not show that the regulation should be invalidated.

## II. DISCUSSION

We review de novo the denial of a Rule 60(b)(4) motion. *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1345 (10th Cir. 2000). Rule 60(b)(4) provides that the court may relieve a party from a final judgment if "the judgment is void." "A judgment is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it." *Gschwind*, 232 F.3d at 1346 (internal quotation marks omitted). But "this occurs only where there is a plain usurpation of power, when a court wrongfully extends its jurisdiction beyond the scope of its authority." *Id.* (internal quotation marks omitted). "A court does not usurp its power when it erroneously exercises jurisdiction[;] . . . error in interpreting a statutory grant of jurisdiction is not equivalent to acting with total want of jurisdiction." *Id.* Instead, "[t]here must be *no arguable basis* on which the court could have rested a finding that it had jurisdiction." *Id.* (emphasis added) (brackets and internal quotation marks omitted). "In the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted." *V. T. A., Inc. v. Airco, Inc.*, 597 F.2d 220, 225 (10th Cir. 1979).[3]

---

[3] The district court stated that because Lamberd could have challenged subject matter jurisdiction on "direct review" but did not, he could not challenge it "by collateral attack under Rule 60." *Lamberd*, 541 F. Supp. 3d at 1277. The district court found support for that conclusion in *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 376 (1940), where the Supreme Court said that questions of subject matter jurisdiction are "open to direct review" but "may not be assailed

Lamberd has not addressed, let alone met, the "no arguable basis" standard. At least three statutes, all of which the Government relied on in its complaint, provided the district court with an arguable basis on which it could have found subject matter jurisdiction:  26 U.S.C. § 7402, which confers jurisdiction on the district courts in all cases involving "the enforcement of the internal revenue laws"; 28 U.S.C. § 1340, which provides district courts with "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue"; and 28 U.S.C. § 1345, which vests district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States."[4]  The novelty of

---

collaterally." *Chicot County*, however, did not involve a Rule 60(b)(4) motion alleging a void judgment due to lack of subject matter jurisdiction in the suit in which the motion was filed.  Rather, it involved a later challenge, in a separate action, to the district court's subject matter jurisdiction in an earlier action involving the same parties.  *See id.* at 372–73, 378 (setting out procedural posture), 376–78 (rejecting collateral attack in separate action as barred by res judicata).  And we have said that "[i]t is quite true that a judgment may be collaterally attacked under 60(b)(4) when the rendering court was powerless to enter it.  But this remedy is not available to correct mere legal error." *V. T. A., Inc.*, 597 F.2d at 226.  *Gschwind*'s "no arguable basis" standard gave substance to *V. T. A.*'s principles.  Hence, subject matter jurisdiction may be challenged by a Rule 60(b)(4) motion, but success depends on meeting the *Gschwind* standard.

[4] The Government also asserted, and Lamberd stipulated, that the district court had jurisdiction under 26 U.S.C. § 7403.  That statute authorizes the United States to bring a civil action "[i]n any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof," § 7403(a), and requires the district court "to adjudicate all [such] matters," § 7403(c).  But this court, albeit in an unpublished, non-precedential decision, has determined that § 7403 is not jurisdictional.  *See LNV Corp. v. Hook*, 638 F. App'x 667, 670–71 (10th Cir. 2015).  However, even if § 7403 were jurisdictional, it would only add support for our conclusion that the district court had an arguable basis for finding it had subject matter jurisdiction.

Lamberd's invalid-regulation argument—particularly whether the regulation, if invalid, affects subject matter jurisdiction— demonstrates that the district court did not usurp its power to adjudicate the case by failing to conjure up and resolve the same argument sua sponte. *See Johnson v. Spencer*, 950 F.3d 680, 697–98 (10th Cir. 2020) (holding that the district court had an arguable basis for asserting subject matter jurisdiction even if it erred in failing to consider sua sponte an argument whose jurisdictional nature was unclear); *see also* Aplt. Opening Br. at 15 (admitting that invalidity argument is novel).

We next reject Lamberd's contention that if § 301.7701-2(a) is invalid, then there was no case or controversy between the parties that would satisfy Article III of the Constitution. To the contrary, whether the regulation and resulting tax assessments were valid surely bears the hallmarks of a case or controversy, and if Lamberd had raised the issue, the district court arguably would have had jurisdiction to decide it. *See, e.g.*, *Littriello v. United States*, 484 F.3d 372, 375–79 (6th Cir. 2007) (upholding district court's determination that § 301.7701-2 is valid under *Chevon* analysis); *Guthrie v. Sawyer*, 970 F.2d 733, 737–38 (10th Cir. 1992) (explaining that burden is on taxpayer to present evidence to rebut "presumptive proof of a valid assessment" set out in Certificates of Assessment (internal quotation marks omitted)).

Lamberd's reliance on *United States v. Wilkes*, 946 F.2d 1143 (5th Cir. 1991) and *Stephenson v. Brady*, No. 90-3042, 1991 WL 22835 (4th Cir. Feb. 26, 1991) (unpublished), does not alter our conclusion that the district court had an arguable

6

basis for finding it had subject matter jurisdiction because those cases are readily distinguishable. *Wilkes* explained that "[i]n order *to prevail* in a suit to reduce a tax assessment to judgment, the IRS must show that there does in fact exist a timely-made and unextinguished assessment." 946 F.2d at 1148 (emphasis added). There was no suggestion that extinguishment of an assessment means there is no case or controversy. And in *Stephenson*, the court held that there was no case or controversy because the Government had not assessed a penalty under a regulation the taxpayer sought to have declared invalid. 1991 WL 22835 at *1–2. Here, the Government's assessments using § 301.7701-2(a) were at the heart of its case and supplied the necessary case or controversy. Thus, Lamberd has not shown that the Case or Controversy Clause provides any basis for Rule 60(b)(4) relief on the theory that § 301.7701-2(a) is invalid.[5] Furthermore, nothing in *Wilkes* or *Stephenson* supports Lamberd's position that a valid assessment is required for jurisdiction under 28 U.S.C. §§ 1340 or 1345 or under 26 U.S.C. § 7402, and he offers no other support for that position. And as we have noted, "there is no requirement in the Internal Revenue Code that before liability for employment taxes accrues, a notice of deficiency or assessment be given." *Marvel v. United States*, 719 F.2d 1507, 1514 (10th Cir. 1983).

---

[5] As the district court noted, at least three circuits have upheld the regulation under *Chevron*. *See Littriello*, 484 F.3d at 374; *McNamee v. Dep't of Treasury*, 488 F.3d 100, 109–10 (2d Cir. 2007); *Kandi v. United States*, 295 F. App'x 873, 874 (9th Cir. 2008). We need not and do not express any opinion on the issue.

Finally, although Lamberd's stipulation in the pretrial order that the district court had subject matter jurisdiction is not controlling, *see Prier v. Steed*, 456 F.3d 1209, 1214 (10th Cir. 2006), his agreement that the district court had such jurisdiction supports a determination that the district court had an arguable basis for exercising subject matter jurisdiction over this action.

### III.  CONCLUSION

We affirm the district court's order denying Lamberd's Rule 60(b)(4) motion.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge