**Virginie GSCHWIND, Plaintiff,**

v.

**CESSNA AIRCRAFT COMPANY, et al., Defendants.**

**No. Civ.A. 96–1269–MLB.**

United States District Court, D. Kansas, Wichita Division.

Oct. 4, 1999.

John W. Cowden, Curtis C. Landherr, Baker, Sterchi, Cowden & Rice, L.L.C., Kansas City, MO, Richard J. Durden, James K. Schepers, Tolley, Vandenbosch & Walton, P.C., Grand Rapids, MI, Christopher F. Johnson, Jenks, Surdyk & Cowdry, Dayton, OH, John C. Nettels, Jr., Ronald P. Williams,

Morrison & Hecker, L.L.P., Wichita, KS, for defendants.

Ken M. Peterson, Morris, Laing, Evans, Brock & Kennedy, Chtd., Wichita, KS, Arthur Alan Wolk, Wolk & Genter, Philadelphia, PA, for plaintiffs.

### *MEMORANDUM AND ORDER*

BELOT, District Judge.

This matter comes before the court on plaintiff Virginie Gschwind's motion to vacate judgment pursuant to Fed.R.Civ.P. 60(b)(4) (Doc. 140). For the reasons set forth below, plaintiff's motion is denied.

### I. HISTORY OF THIS CASE

On August 11, 1995, plaintiff, a citizen of Belgium, filed a wrongful death action in the Court of Common Pleas in Montgomery County, Ohio, against defendants, claiming damages for the death of her husband, Cyril Gschwind. Cyril Gschwind, a French national residing in Belgium at the time of his death, was killed in a Cessna aircraft near Cannes, France. The named defendants included Cessna Aircraft Company, a Kansas Corporation with its principal place of business in Kansas, Pratt & Whitney Canada, a Canadian corporation with its principal place of business in Canada, and Hartzell Propeller, Inc., an Ohio corporation with its principal place of business in Ohio.

Subsequently, Cessna removed the action to the United States District Court for the Southern District of Ohio asserting diversity jurisdiction under 28 U.S.C. § 1332. Cessna then moved to dismiss the complaint on the grounds of *forum non conveniens* or, in the alternative, a transfer to the District of Kansas (Doc. 7). Gschwind moved the district court to remand (Doc. 9). Gschwind, however, did not argue that the district court lacked diversity jurisdiction under 28 U.S.C § 1332. Instead, she conceded in her memo-

randum in support of her motion that "there is complete diversity of citizenship." (Doc. 145, Ex. A at 2). Although initially the motion was granted, the district court ultimately denied plaintiff's motion (Doc. 35). The district court then granted Cessna's motion to transfer venue and the action was transferred to this court (Doc. 81).

On March 20, 1997, this court conditionally dismissed plaintiff's action on the grounds of *forum non conveniens* (Doc. 125). After defendants filed affidavits agreeing to the court-ordered conditions, the court entered an order of dismissal (Doc. 130). Final judgment was entered on May 8, 1997 (Doc. 131).

Plaintiff appealed to the United States Court of Appeals for the Tenth Circuit arguing against the dismissal of her action for *forum non conveniens*. The Tenth Circuit affirmed. *See Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 610 (10th Cir.1998), *cert. denied,* ___ U.S. ___, 119 S.Ct. 1755, 143 L.Ed.2d 787 (1999).

Subsequently, plaintiff filed a motion for rehearing or rehearing en banc and for the first time argued that this court had no diversity jurisdiction over the action.[1] On November 10, 1998, the Tenth Circuit issued, without opinion, an order denying plaintiff's motion. Plaintiff filed a petition for writ of certiorari to the United States Supreme Court. In her petition, plaintiff once again claimed this court lacked subject matter jurisdiction under the diversity statute. The United States Supreme Court denied the petition. *See Gschwind v. Cessna Aircraft Co.*, ___ U.S. ___, 119 S.Ct. 1755, 143 L.Ed.2d 787 (1999).

Now, plaintiff has returned to this court and filed a motion to vacate the court's previous order pursuant to Fed.R.Civ.P. 60(b)(4) (Doc. 140). Plaintiff argues that because this court never had diversity jurisdiction over the action, it was without power to dismiss

---

1. Plaintiff argued that complete diversity did not exist because a " 'citizen[ ] or subject of a foreign state' (Gschwind) has sued a 'citizen[ ] of a State" (Cessna) and a "citizen[ ] or subject of a foreign state" (Pratt & Whitney Canada)[.] ... [T]he presence of an alien on both sides of the action destroys diversity." *Plaintiff's Petition for Rehearing and Suggestion for Rehearing in Banc* at 2 (citing *Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 295 (9th Cir.1989) in which the court found no diversity jurisdiction in an action involving a Hong Kong plaintiff against a Swiss defendant and a New York defendant). Defendants do not, in their replies to plaintiff's motion, contest plaintiff's proposition that this court lacked subject matter jurisdiction.

the action. This court's judgment, the plaintiff continues, is therefore void and must be vacated. As will be explained below, however, once the United States Supreme Court denied plaintiff's writ of certiorari, the issue of subject matter jurisdiction became res judicata and cannot be collaterally attacked.

## II. RULE 60(b)(4)

▊▊▊ Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void ..." Fed.R.Civ.P. Rule 60(b)(4). Voidness is usually found for lack of either subject matter jurisdiction or personal jurisdiction. *See V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir.1979). A mere erroneous judgment will not be found to be void and it must be determined that the rendering court was powerless to enter the judgment, plainly usurped its power, or acted in a manner inconsistent with due process of law. *See id.* at 224–25. Although a motion for relief under 60(b)(4) is subject to a "reasonable" time limitation, if the judgment is found to be void, any 60(b)(4) motion will be considered filed within a reasonable time. *See id.* at 224 & n. 9. The Tenth Circuit has stated that "[i]n the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted." *Id.* at 225.

Indeed, it is this conflict between the need for finality of the judgment and the need for validity of the judgment which is at the heart of a Rule 60(b)(4) motion. The comments to the Restatement discuss the conflict:

> The problem poses a sharp conflict of basic policies. The principle of finality has its strongest justification where the parties have had full opportunity to litigate a controversy, especially if they have actually contested both the tribunal's jurisdiction and issues concerning the merits. Yet the principle of finality rests on the premise that the proceeding had the sanction of law, expressed in the rules of subject matter jurisdiction. As long as the possibility exists of making error in a determination of the question of subject matter jurisdic-

tion, the principles of finality and validity cannot be perfectly accommodated. Questions of subject matter jurisdiction must be justiciable if the legal rules governing competency are to be given effect; some tribunal must determine them, either the court in which the action is commenced or some other court of referral. If the question is decided erroneously, and a judgment is allowed to stand in the face of the fact that the court lacked subject matter jurisdiction, then the principle of validity is compromised. On the other hand, if the judgment remains indefinitely subject to attack for a defect of jurisdiction, then the principle of finality is compromised.

Restatement (Second) of Judgments § 12 cmt. a (1982). The modern approach is to give the finality of final judgments greater weight. *See id.*

## III. VALID VERSUS ERRONEOUS JUDGMENTS

▊▊▊ The court agrees with plaintiff that if the court did not have subject matter jurisdiction over the action pursuant to diversity jurisdiction under 28 U.S.C. § 1332, then its dismissal of the plaintiff's case with conditions on grounds of *forum non conveniens* was an erroneous exercise of jurisdiction. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ("Indeed the doctrine of *forum non conveniens* can never apply if there is absence of jurisdiction or mistake of venue."); *In re Papandreou*, 139 F.3d 247, 255–56 & n. 6 (D.C.Cir. 1998) (specifically excepting conditional *forum non conveniens* dismissals from dismissals on other non-merits grounds which are allowed in the absence of the rendering court's subject matter jurisdiction). An erroneous judgment, however, does not render it a nullity, justifying plaintiff's collateral attack.

The United States Supreme Court has examined the meaning of void judgments. *See Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940). In *Chicot*, jurisdiction was based on a statute which was subsequently determined to be unconstitutional in an unrelated case. *See id.* at 373–74, 60 S.Ct. 317.

The defendant in the original case argued that the subsequent finding that the statute was unconstitutional operated to void the judgment of the district court. *See id.* at 376, 60 S.Ct. 317. The Court disagreed:

> The argument is pressed that the District Court was sitting as a court of bankruptcy, with the limited jurisdiction conferred by statute, and that, as the statute was later declared invalid, the District Court was without jurisdiction to entertain the proceeding and hence its decree is open to collateral attack. We think the argument untenable. The lower federal courts are all courts of limited jurisdiction, that is, with only the jurisdiction which Congress has prescribed. But none the less they are courts with authority, when parties are brought before them in accordance with the requirements of due process, to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act. Their determinations of such questions, while open to direct review, may not be assailed collaterally.

*Id.* The Court continued by citing an earlier Supreme Court opinion in which the petitioner alleged an earlier judgment was void because the federal district court opinion failed to prove diversity. *See id.* (citing *McCormick v. Sullivant,* 10 Wheat. 192, 23 U.S. 192, 6 L.Ed. 300 (1825)). The Court quoted the *McCormick* opinion as stating that " '[i]f the jurisdiction be not alleged in the proceedings, their judgments and decrees are erroneous, and may, upon a writ of error, or appeal, be reversed for that cause. But they are not absolute nullities.' " *Chicot County,* 308 U.S. at 376, 60 S.Ct. 317 (quoting *McCormick,* 23 U.S. at 199).

The First Circuit has had opportunity to further clarify the distinction between erroneous judgments (which may be attacked only under direct review) and void judgment (which may be attacked collaterally as well). *See Lubben v. Selective Serv. Sys. Local Bd. No. 27,* 453 F.2d 645 (1st Cir.1972). The court explained:

> A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect. In the interests of finality, the concept of void judgments is narrowly construed. While absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction. A court has the power to determine its own jurisdiction, and an error in that determination will not render the judgment void. Only in the rare instance of a clear usurpation of power will a judgment be rendered void.

*See id.* at 649 (footnotes omitted). Because this court's exercise of jurisdiction over the plaintiff's action was not a clear usurpation of power, a collateral attack against the judgment will not stand.

The Tenth Circuit has stated that " 'diversity of citizenship is but a quasi-jurisdictional fact. A judgment based upon an erroneous finding of diversity is not void and is immune from collateral attack.' " *Depex Reina 9 Partnership v. Texas Int'l Petroleum Corp.,* 897 F.2d 461, 463–64 (10th Cir. 1990) (quoting *Green v. Hale,* 433 F.2d 324, 330 n. 14 (5th Cir.1970) (citation omitted)). Diversity jurisdiction "rests on statutory interpretation, not constitutional command." *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, ——, 119 S.Ct. 1563, 1570, 143 L.Ed.2d 760 (1999). If a federal court exercises jurisdiction on the erroneous assumption of diversity jurisdiction, 28 U.S.C. § 1332 is offended, not the Constitution. *See id.* Thus, assuming this court was without jurisdiction under the diversity statute, its exercise (and the Tenth Circuit's exercise) of jurisdiction was a mere erroneous interpretation of 28 U.S.C. § 1332, not a clear usurpation of constitutionally granted authority. The erroneous implicit findings of this court and the Tenth Circuit were therefore only open to direct attacks, not the collateral attacks, such as the one the plaintiff is attempting in her Rule 60(b)(4) motion. *Cf. Depex Reina,* 897 F.2d at 463–64 (allowing direct attack on erroneous judgment based on incomplete diversity). *See also Nemaizer v. Baker,* 793 F.2d 58, 65 (2nd Cir.1986) ("Contrary case

law and commentators' views permitting any collateral attack on a prior judgment under Rule 60(b)(4) always involve a clear usurpation of power by a district court, and not an error of law in determining whether it has jurisdiction.") (citations omitted).

## IV. DIRECT VERSUS COLLATERAL ATTACKS

■ Because plaintiff proceeded through the complete appellate process, including a denial of her writ of certiorari from the United States Supreme Court, this court's judgment dismissing her case for *forum non conveniens* became final, in the fullest sense of the word, and plaintiff's subsequent motion is an impermissible collateral attack on the judgment. Plaintiff, in her memorandum in support of her motion, and defendants, in their reply memoranda, spend much time debating the procedural posture of Tenth Circuit precedent concerning Rule 60(b)(4) motions. Admittedly, the Tenth Circuit (and other circuit courts of appeal) opinions cited by the parties lack a bright line test and use interchangeably the terms "final judgment" and "final decision," blurring the line even further. What can be gleaned from these opinions, however, is that for an attack to be one considered "direct," the action in which the judgment at issue was rendered must still be *pending*. *See Ramey Constr. Co. v. Apache Tribe of the Mescalero Reservation*, 673 F.2d 315, 318 (10th Cir.1982) (citing 1 *Moore's Federal Practice* ¶ 0.60[4] (2d ed.1981) ("So long as a case is pending, the issue of federal court jurisdiction may be raised at any stage of the proceedings either by the parties or by the court on its own motion.") As will be explained below, this

court's finding that plaintiff's motion is a collateral attack and Judge Lungstrum's opinion in *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, No. 95–2540–JWL, 1998 WL 928408, at *4 (D.Kan., Oct. 30, 1998), are fully aligned with the Tenth Circuit's previous opinions.

■ In *Amalgamated Sugar Co. v. Bergland*, 664 F.2d 818 (10th Cir.1981), the Tenth Circuit stated that "the jurisdiction of a court over subject matter may be raised at any point in the proceeding." *Id.* at 822 (citations omitted). Following this statement of the law, the Tenth Circuit has three times allowed subject matter jurisdiction to be questioned following appeal. *See Wilmer v. Board of County Comm'rs*, 69 F.3d 406, 409–10 (10th Cir.1995); *Depex Reina 9 Partnership v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 464 (10th Cir.1990); *Ramey Constr. Co. v. Apache Tribe of Mescalero Reservation*, 673 F.2d 315, 318 (10th Cir.1982). What distinguishes the procedural posture of *Wilmer*, *Depex Reina* and *Ramey* from the instant action is that in those three cases the appellate court had *remanded* the case to the district court and *then* the district court considered subject matter jurisdiction pursuant to a Rule 60(b)(4) motion.[2]

By contrast, in the instant action, the Tenth Circuit *affirmed* this court's dismissal of the case. The Tenth Circuit *denied* plaintiff's motion for rehearing. The United States Supreme Court *denied* plaintiff's petition for writ of certiorari. Unlike the cases mentioned above, the case was never remanded to the district court and at this point the case is no longer pending.[3] "The denial

**2.** While arguing the procedural posture of *Wilmer*, plaintiff confuses the terms "final judgment" and "final decision" (albeit cited opinions have used the terms interchangeably making the distinction difficult to discern). A "final decision" rendered by the district court provides the appellate court with jurisdiction under 28 U.S.C. § 1291, but such a final decision does not prevent a direct attack on subject matter jurisdiction because the case is still pending. *See Depex Reina*, 897 F.2d at 464 ("[B]y remanding the case to the district court, we did not create a final judgment. Rather, under 28 U.S.C. § 1291, we reviewed and reversed the final decision of the district court and the issue of jurisdiction was still alive."). A "final judgment," by contrast, is

the threshold point, at issue for purposes of this opinion, in which an attack on subject matter jurisdiction becomes collateral and thus impermissible for erroneous judgments. *See id. See generally, Amcast Indus. Corp. v. Detrex Corp.*, 45 F.3d 155, 159 (7th Cir.1995) (discussing different meanings of "finality"). Plaintiff's cited authority, *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), (Doc. 150 at 4), discusses "final decisions" for purposes of 28 U.S.C. § 1291 and is therefore not on point.

**3.** Indeed, because the case, after appeal, was never remanded to the district court, the court contemplates whether it even has jurisdiction at

of certiorari is a red herring. It marks the end of the appellate process and so, if the judgment from which certiorari was sought were itself a final judgment ... it establishes finality in a strong sense." *Amcast Indus. Corp. v. Detrex Corp.*, 45 F.3d 155 (7th Cir. 1995).

Plaintiff argues that because the Rule 60(b)(4) motion was filed in the same district court under the same case number as the judgment being attacked, the effect of the denial of the writ of certiorari is somehow vitiated and the case magically becomes pending once again. The court disagrees that the case number under which a plaintiff chooses to file his Rule 60(b)(4) motion determines the character of the attack. Rather, the timing of the motion in relation to the direct appeal of the case is the determinative factor. It is this timing which distinguishes *Wilmer, Depex Reina,* and *Ramey,* from the instant case and *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, No. 95–2540–JWL, 1998 WL 928408 (D.Kan., Oct. 30, 1998). In both this case and in *SBKC,* the appellate process had been exhausted before the plaintiff moved the district court to void the judgment. *See SBKC,* 1998 WL 928408, at *1. A Rule 60(b)(4) motion is not to be used as a substitute for the appellate process. *See Kocher v. Dow Chemical Co.*, 132 F.3d 1225, 1229 (8th Cir.1997). It follows that a Rule 60(b)(4) motion, therefore, cannot be used by plaintiff who did not succeed on her argument concerning subject matter jurisdiction during the appellate process.[4] Plaintiff should have argued the lack of diversity jurisdiction to this court before it dismissed her case. Plaintiff should have argued the lack of diversity jurisdiction in her original appeal to the Tenth Circuit or at oral argument. For whatever reason, both the Tenth Circuit, on plaintiff's motion for rehearing, and the

United States Supreme Court, on plaintiff's petition for writ of certiorari, affirmed this court's dismissal of plaintiff's case without mentioning plaintiff's argument. In so doing, the Supreme Court rendered plaintiff's case final for purposes of res judicata. Her subsequent attack on this court's judgment is thus deemed collateral and will not be considered.

Simply put, plaintiff missed the chance to catch a ride on the appellate courts' boat to the land of reversal and remand. She cannot now run back to the dock and ask this court to row her across. The court might have been able to do so three years ago. Now the court's oars are mired in the doctrine of res judicata. The court's judgment stands.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion to vacate judgment pursuant to Fed.R.Civ.P. 60(b)(4) (Doc. 140) is DENIED.

IT IS SO ORDERED.

---

this point to consider whether it ever had jurisdiction at all. *See Lancaster v. Independent School Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir.1998) ("[F]iling notice of appeal generally divests the district court of jurisdiction over the issues on appeal...."). *See also Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir.1986) (stating that district court does not have jurisdiction to consider Rule 60(b)(4) motion after appeal in the absence of remand).

4. The fact that plaintiff finally mentioned the possible lack of subject matter jurisdiction *after* the Tenth Circuit affirmed and on a motion for rehearing (which the Tenth Circuit denied without opinion), does not provide plaintiff with an exception to the doctrine of res judicata. *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 771, 774–75 (9th Cir.1986) (denying plaintiff's Rule 60(b)(4) motion after plaintiff first brought up lack of subject matter jurisdiction in motion for rehearing to appellate court).