**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

VIRGINIE GSCHWIND, in her own
right and administratrix of the estate
of Cyril Gschwind and Alexandra
Gschwind,

     Plaintiff - Appellant,

vs.

CESSNA AIRCRAFT COMPANY;
PRATT & WHITNEY CANADA,
INC.,

     Defendants - Appellees.

No. 99-3329

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 96-CV-1269-MLB)

---

Catherine B. Slavin, Wolk & Genter, Philadelphia, Pennsylvania, for Plaintiff -
Appellant.

John C. Nettels, Jr. (and Thomas E. Nanney, Morrison & Hecker, L.L.P., Kansas
City, Missouri, with him on the briefs), Morrison & Hecker, L.L.P., Wichita,
Kansas, for Defendant - Appellee Cessna Aircraft Company.

John W. Cowden, Baker, Sterchi, Cowden & Rice, L.L.C., Kansas City, Missouri,
for Defendant - Appellee Pratt & Whitney Canada, Inc.

---

Before **KELLY**, **ANDERSON**, and **HENRY**, Circuit Judges.

**KELLY**, Circuit Judge.

_____

Plaintiff-Appellant Virginie Gschwind appeals from the district court's denial of her FED. R. CIV. P. 60(b)(4) motion for relief from a judgment dismissing an earlier action on forum non conveniens grounds. Our jurisdiction arises under 28 U.S.C. § 1291, and we AFFIRM.

Background

Ms. Gschwind, a citizen of Belgium, brought a wrongful death and survival action in Ohio state court against The Cessna Aircraft Company ("Cessna"), a Kansas citizen, Pratt & Whitney, a Canadian citizen, and Hartzell Propeller, Inc. ("Hartzell"), an Ohio citizen.[1] The action was then removed to the Southern District of Ohio over Ms. Gschwind's objection. She sought remand, arguing that 28 U.S.C. § 1441(b) prohibited removal because Hartzell was an Ohio citizen. In initially ordering remand to state court on this basis, the district court concluded that "[s]ince Plaintiff is a foreign national, a resident of Belgium, there is complete diversity of citizenship among the parties and the federal courts would have subject matter jurisdiction originally." Aplt. App. at

_____

[1]Cessna and Pratt & Whitney are the Defendant-Appellees as Hartzell was dismissed as a party by the District Court of Kansas.

- 2 -

128. Upon reconsideration, the district court determined that Hartzell was fraudulently joined and denied Ms. Gschwind's motion to remand, implicitly relying upon diversity jurisdiction. After removal, the action was transferred to the District of Kansas where Hartzell was dismissed as a party and the district court conditionally granted a forum non conveniens dismissal.        Id. at 55-85.

On appeal, we affirmed the forum non conveniens dismissal.  Ms. Gschwind then petitioned for rehearing and rehearing en banc, arguing for the first time that the district court lacked diversity jurisdiction over suits between aliens.  Id. at 173-77, 328-29.  We denied the petition.       Id. at 201-02.  She then filed a petition for a writ of certiorari with the Supreme Court, again arguing lack of subject matter jurisdiction.     Id. at 203-25.  The petition was denied.

Ms. Gschwind next returned to federal district court and filed a Rule 60(b)(4) motion for relief from judgment, arguing that the district court's order was void for lack of subject matter jurisdiction.       Gschwind v. Cessna Aircraft Co., 189 F.R.D. 643 (D. Kan. 1999). The district court disagreed, concluding that while it may have erroneously assumed jurisdiction, it did not usurp its authority in interpreting the jurisdiction statute.     Id. at 649.  Accordingly, the district court concluded that the judgment may have been erroneous, but was not void.       Id. The district court therefore concluded that the judgment could not be attacked by a Rule 60(b)(4) motion because the case was no longer pending, as required by

Tenth Circuit precedent. <u>Id.</u>

The court reviewed three cases– <u>Wilmer v. Board of County Commissioners of Leavenworth County</u>, 69 F.3d 406, 409-10 (10th Cir. 1995), <u>Depex Reina 9 Partnership v. Texas Int'l Petroleum Corp.</u>, 897 F.2d 461, 464 (10th Cir. 1990), and <u>Ramey Constr. Co., Inc. v. Apache Tribe of Mescalero Reservation</u>, 673 F.2d 315, 318 (10th Cir. 1982)–in which the Tenth Circuit allowed subject matter jurisdiction to be attacked after appeal. In distinguishing those cases, the court noted that the "appellate court had <u>remanded</u> the case to the district court and <u>then</u> the district court considered subject matter jurisdiction pursuant to a Rule 60(b)(4) motion." <u>Id.</u> at 648 (emphasis in original). By way of contrast, in this case "the Tenth Circuit <u>affirmed</u> this court's dismissal of the case. The Tenth Circuit <u>denied</u> plaintiff's motion for rehearing. The United States Supreme Court <u>denied</u> plaintiff's petition for writ of certiorari. Unlike the cases mentioned above, the case was never remanded to the district court and at this point the case is no longer pending." <u>Id.</u> (emphasis in original).

The court found an unreported district court decision to be persuasive. <u>See</u> <u>SBKC Service Corp. v. 1111 Prospect Partners, L.P.</u>, No. 95-2540-JWL, 1998 WL 928408 (D. Kan. Oct. 30, 1998). In <u>SBKC</u>, the plaintiff, like Ms. Gschwind, moved to void the district court's judgment for lack of diversity jurisdiction after exhausting its appellate remedies. <u>Id.</u> at *1. The district court denied the

motion, concluding that the plaintiff's failure to contest jurisdiction on direct appeal was fatal.   Id. at *4.  The district court also concluded that its exercise of jurisdiction was not a usurpation of authority, presumably because the defendant's residence was subject to bona fide dispute.

The district court in this action then concluded: "It follows that a Rule 60(b)(4) motion . . . cannot be used by plaintiff who did not succeed on her argument concerning subject matter jurisdiction during the appellate process." Gschwind , 189 F.R.D. at 649.

## Discussion

We review the district court's denial of Ms. Gschwind's Rule 60(b)(4) motion de novo.   Wilmer , 69 F.3d at 409;   King Fisher Marine Service, Inc. v. 21st Phoenix Corp   ., 893 F.2d 1155, 1158 (10th Cir. 1990).  A district court has

> original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).  On its face, § 1332(a) does not vest the district court with jurisdiction over actions between parties only of foreign citizenship.  § 1332(a)(3) does, however, permit foreign citizens to be a party to an action

between citizens of different states. § 1332(a)(3) could not have been a basis for jurisdiction in this action, however, because the action was not between citizens of different states. Ms. Gschwind, a foreign citizen, was the lone plaintiff. Therefore, the district court could have exercised jurisdiction pursuant only to § 1332(a)(2), if at all. While the circuits that have considered the issue read § 1332(a)(2) to require United States citizens on both sides of an action between foreign citizens, Franceskin v. Credit Suisse, 214 F.3d 253, 258 (2d Cir. 2000); Faysound Ltd. v. United Coconut Chemicals, Inc., 878 F.2d 290, 295 (9th Cir. 1989); Kuehne & Nagel (AG & Co.) v. Geosource, Inc., 874 F.2d 283, 290-91 (5th Cir. 1989); Eze v. Yellow Cab Co. of Alexandria, Virginia, Inc., 782 F.2d 1064, 1065 (D.C. Cir. 1986), Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp., 506 F.2d 757, 758 (5th Cir. 1975); MOORE'S FEDERAL PRACTICE § 102.77, at 143-44 (3d ed. 1997), we concur with Judge Posner's observation that this interpretation is far from apparent from the face of 28 U.S.C. § 1332(a)(2). See Allendale Mutual Ins. Co. v. Bull Data Sys., Inc., 10 F.3d 425, 428 (7th Cir. 1993) ("Exactly what sense all this makes rather eludes us."). Nevertheless, the Defendants assume for the sake of argument that the requirements of § 1332(a)(2) were not satisfied because Ms. Gschwind was not joined by a United States citizen. Aplee. Br. (Pratt & Whitney) at 5; Aplee. Br. (Cessna) at 21. We make this same assumption inasmuch as the district court's views on jurisdiction

are not dispositive to our analysis.

Rule 60(b) provides in part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void." F ED. R. CIV. P. 60(b)(4) (2000). "Rule 60(b)(4) . . . is not subject to any time limitation." Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994) (internal quotations and citations omitted).

A judgment is void for Rule 60(b)(4) purposes if the "rendering court was powerless to enter it." V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 (10th Cir. 1979). A judgment may in some instances be void for lack of subject matter jurisdiction. E.g. id.; In re Four Seasons Securities Laws Litigation, 502 F.2d 834, 842 (10th Cir. 1974). "However, this occurs only where there is a plain usurpation of power, when a court wrongfully extends its jurisdiction beyond the scope of its authority." Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp., 624 F.2d 822, 825 (8th Cir. 1980) (citations omitted); accord Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986) (observing that collateral attack is permitted under Rule 60(b)(4) where there is "a clear usurpation of power by a district court, and not an error of law in determining whether it has jurisdiction") (citations omitted).

A court does not usurp its power when it erroneously exercises

jurisdiction. Kansas City Southern, 624 F.2d at 825. "Since federal courts have 'jurisdiction to determine jurisdiction,' that is, 'power to interpret the language of the jurisdictional instrument and its application to an issue by the court,' error in interpreting a statutory grant of jurisdiction is not equivalent to acting with total want of jurisdiction." Id. (quoting Stoll v. Gottlieb, 305 U.S. 165, 171 (1938)); see also Lubben v. Selective Serv. Sys. Local Board No. 27., 453 F.2d 645, 649 (1st Cir. 1972) ("While absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction.") (footnote omitted). There must be "no arguable basis on which [the court] could have rested a finding that it had jurisdiction." Nemaizer, 793 F.2d at 65.

Applying these principles, we hold that the district court's judgment was not void for lack of subject matter jurisdiction. The Ohio federal district court concluded that "[s]ince Plaintiff is a foreign national, a resident of Belgium, there is complete diversity of citizenship among the parties and the federal courts would have subject matter jurisdiction originally." Aplt. App. at 128. In doing so, the district court erroneously interpreted § 1332(a). However, an erroneous interpretation of a jurisdictional statute does not render the underlying judgment void. Stoll, 305 U.S. at 171-72; Kansas City Southern, 624 F.2d at 825. Moreover, there was at least an arguable basis for jurisdiction, cf. Nemaizer, 793

- 8 -

F.2d at 65, because the scope of the district court's jurisdiction over a case with foreign parties on both sides of an action is far from clear from the face of the statute. The express language of § 1332(a)(2) does not require a United States citizen on both sides of an action between foreign citizens. The requirement only begins to become vaguely apparent when (a)(2) is read together with (a)(3) and even then it is not absolutely clear. Allendale, 10 F.3d at 428.

Ms. Gschwind argues that the district court mischaracterized its exercise of jurisdiction as quasi-jurisdictional, i.e., that jurisdiction was premised upon the finding of jurisdictional facts. Ms. Gschwind argues that the district court instead exercised jurisdiction upon a general finding of jurisdiction over cases between a foreign citizen and a foreign and United States citizen and that this exercise of jurisdiction rendered the underlying judgment void. Aplt. Brief at 16. Ms. Gschwind correctly observes that the district court's jurisdiction was not based upon quasi-jurisdictional facts. The citizenship of the parties was not in dispute. But this is not dispositive. As we explained, an "error in interpreting a statutory grant of jurisdiction is not equivalent to acting with total want of jurisdiction." Kansas City Southern, 624 F.2d at 825.

Ms. Gschwind also asserts that the district court impermissibly extended its jurisdiction in ordering the forum non conveniens dismissal. Aplt. Br. at 17. Ms. Gschwind relies upon a distinction drawn in MOORE'S FEDERAL PRACTICE

between the exercise of jurisdiction over an entire category of cases over which the court does not have jurisdiction (e.g., cases on interlocutory appeal) and the erroneous exercise of jurisdiction over a particular case that falls within a category of cases over which a court generally does have jurisdiction (e.g., diversity cases). Id. (quoting MOORE'S FEDERAL PRACTICE 3D § 60.44[2][a-b] (3d 1997) ("[A] lack of subject matter jurisdiction means a court's lack of jurisdiction over an entire category of cases, not whether the court makes a proper or improper determination of subject-matter jurisdiction in a particular case."). Ms. Gschwind argues that the district court in this case exercised jurisdiction over an entire category of cases over which it lacked jurisdiction: cases brought by a foreign citizen against a foreign citizen and a United States citizen. Aplt. Br. at 16; Aplt. Reply Br. at 3.

Assuming this approach is appropriate in distinguishing void, as opposed to voidable, judgments, we disagree with Ms. Gschwind's characterization of the district court's decision. The district court did not exercise jurisdiction over an entire category of cases over which it lacked jurisdiction. The district court had jurisdiction over cases between diverse parties and assumed that the parties before it satisfied the requirements of 28 U.S.C. § 1332. It did nothing more than erroneously exercise its diversity jurisdiction in this particular case.

Finally, Ms. Gschwind asserts that the Supreme Court's decision in Vallely

- 10 -

v. Northern Fire & Marine Ins. Co., 254 U.S. 348 (1920), requires the conclusion that the district court's judgment was void. Aplt. Reply Br. at 5. In Vallely, the district court entertained involuntary bankruptcy proceedings against an insurance company. At the time, the Bankruptcy Act expressly provided that insurance companies were not subject to the district court's bankruptcy jurisdiction. Vallely, 254 U.S. at 351-52. The district court entered judgment and the time for appeal lapsed, at which time the insurance company contested jurisdiction by filing a motion to vacate the judgment. Id. at 351. The Court held that "[c]ourts are constituted by authority and they cannot [act] beyond the power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities." Id. at 353. The Court distinguished the case from those in which the exercise of jurisdiction was held to be merely erroneous. "[In those cases] the courts had jurisdiction of their subject-matter and necessarily power to pass upon the fact (diversity of citizenship) upon which that jurisdiction depended in the given case. The subject-matter of the suit was not withheld from them by explicit provision of the law which was their sole warrant of power." Id. at 354. Because the jurisdictional statute in question clearly excluded insurance companies from jurisdiction, the Court concluded that there was "no power in the District Court to include them . . . For a court to extend the act to corporations of

either kind is to enact a law, not to execute one." Id. at 355-56.

Vallely is distinguishable. While the jurisdictional statute in Vallely plainly excluded insurance companies from jurisdiction, § 1332 does not on its face exclude actions brought by a foreign citizen against a foreign and United States citizen. Thus, unlike the district court's actions in Vallely, the district court's exercise of jurisdiction in this instance does not amount to a total usurpation or extension of jurisdiction.

In light of our holding that the district court's judgment was not void, we need not address whether Ms. Gschwind was barred from attacking subject matter jurisdiction on principles of res judicata.

AFFIRMED.