In re Stephen Paul **WALLACE**, doing business as Wallace Real Estate Company, doing business as River Oaks Associates, doing business as Wallace Investments, Debtor.

Ronald J. Saffa, Individually and as Successor Co–Trustee of the Lorice T. Wallace Revocable Trust, Plaintiff—Appellee,

v.

Stephen Paul Wallace, Defendant—Appellant.

BAP No. NO–04–048.
Bankruptcy No. 02–00073–M.
Adversary No. 04–01038–M.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Nov. 1, 2004.

Submitted on the briefs: *

Stephen P. Wallace, Pro Se.

Mark A. Craige of Morrel West Saffa Craige & Hicks, Inc., Tulsa, Oklahoma, for Appellee.

Before McFEELEY, Chief Judge, CLARK, and THURMAN, Bankruptcy Judges.

## OPINION

MCFEELEY, Chief Judge.

Defendant–Appellant/Debtor Stephen Paul Wallace ("Wallace") timely appeals a Default Judgment ("Default Judgment") entered on May 11, 2004, by the bankruptcy court for the Northern District of Oklahoma. The Default Judgment made a preliminary injunction permanent and imposed sanctions on Wallace in his individual capacity. Wallace argues that the Default Judgment is void and should be vacated because of invalid service of process.

The parties have consented to this Court's jurisdiction because they have not elected to have the appeal heard by the United States District Court for the Northern District of Oklahoma. 28 U.S.C. § 158(b)-(c); Fed. R. Bankr.P. 8001(e). We find no error in the bankruptcy court's determination that it had personal jurisdiction over Wallace and so affirm.

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

## I. *Background*

On September 13, 2001, Wallace filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Western District of Oklahoma. Subsequently, the case was transferred to the United States Bankruptcy Court for the Northern District of Oklahoma. On June 2, 2002, the bankruptcy court entered an order converting the case to a case under Chapter 7. Patrick J. Malloy III was appointed to serve as the Chapter 7 trustee ("Trustee").

On November 2, 2002, Plaintiff/Appellee Ronald J. Saffa ("Saffa") filed a proof of claim in the amount of $600,000 ("Claim"). The Claim was a general unsecured claim for damages as "a result of being sued by the Debtor in numerous, frivolous and meritless lawsuits." No objection to the Claim was filed. Later, Saffa and the Trustee entered into a Settlement on the Claim that was approved by the bankruptcy court ("Settlement Order"). Under the terms of the Settlement Order, Saffa reduced his Claim from $600,000 to $50,000 and the estate released Saffa from any and all claims that the estate might have relative to any acts or omissions which occurred prior to the effective date of conversion of the case from Chapter 11 to Chapter 7 on June 2, 2002. The Settlement Order was not timely appealed.

On December 30, 2003, Wallace filed a Complaint and a Petition for Accounting against Saffa in the Circuit Court of DuPage County, Wheaton, Illinois ("Illinois Complaint"). The Illinois Complaint relies on events that occurred prior to June 2, 2002.

On February 2, 2004, Saffa filed an adversary complaint ("Original Complaint")

against Wallace, obtained a Summons, and filed a motion for a Preliminary Injunction and Request for Expedited Hearing to enforce the Settlement Order and to prohibit Wallace's continuing violation of the automatic stay ("PI Motion"). On February 3, 2004, the Original Complaint, Summons, and the PI Motion were mailed, certified first class, to Wallace at the address on record in the bankruptcy court, 6528 E. 101st, D-1, # 304, Tulsa, OK, 74133 ("Address of Record"). A return receipt was received by Saffa's counsel. Wallace did not file a responsive pleading, nor did he appear at the hearing on the PI Motion, held February 18, 2004. At the hearing, the bankruptcy court read into the record its findings of fact and conclusions of law, ruling that Wallace had violated the terms of the Settlement Order. On February 25, 2004, the bankruptcy court entered its "Order Granting Motion for Preliminary Injunction" ("PI Order"). The PI Order enjoined Wallace from filing any further civil actions against Saffa based on events that occurred prior to June 2, 2002, and ordered him to dismiss the Illinois Complaint. Wallace timely appealed the PI Order to this Court in *Saffa v. Wallace (In re Wallace)*, BAP No. NO–04–022.[1]

On March 9, 2004, Saffa filed a Second Amended Complaint ("Second Amended Complaint") against Wallace seeking a permanent injunction. The Trustee served the Second Amended Complaint on Wallace by mailing it, first class postage prepaid, to the Address of Record, and an affidavit of service was filed so stating. Wallace never answered the Second Amended Complaint. Accordingly, the Trustee filed an Application for Default Judgment on the Second Amended Com-

---

1. A panel of this court declined to address the merits of that appeal on the grounds that it was moot, because by the time the appeal was submitted to the panel the permanent injunc-

tion at issue here had been entered. *Saffa v. Wallace (In re Wallace)*, BAP No. 04–022, 2004 WL 1664060 (10th Cir. BAP July 19, 2004).

plaint ("Application"), and on April 2, 2004, this Application was mailed, first class postage prepaid, to Wallace at the Address of Record. The Trustee's service of the Application is evidenced by a certificate of mailing that was filed in conjunction with the Application. An Order setting a hearing on the Application was mailed to Wallace by first class mail postage prepaid to the Address of Record on April 6, 2004.

On May 11, 2004, the bankruptcy court entered the Default Judgment finding 1) the bankruptcy court had personal jurisdiction over Wallace because Wallace had been properly served; 2) Wallace had violated the automatic stay; 3) there were grounds for making the preliminary injunction a permanent injunction. The Default Judgment made the preliminary injunction permanent and enjoined the Debtor and Wallace in his individual capacity from filing any other lawsuits based on events prior to June 2, 2002.

## II. *Discussion*

Wallace argues that the Default Judgment is void on the grounds that he was not properly served with the Original Complaint, Second Amended Complaint or the Application for Default Judgment.[2]

▮ Federal Rule of Bankruptcy Procedure 7055 makes Federal Rule of Civil Procedure 55 ("Rule 55") applicable in adversary proceedings. Rule 55(c) provides that a default judgment may be set aside in accordance with the subsections of Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). One such subsection provides that

a default judgment may be set aside if the judgment is void.[3] Fed.R.Civ.P. 60(b)(4). A judgment is void if it was entered by a court that lacked personal jurisdiction over a party. *See, e.g., United States v. Buck,* 281 F.3d 1336, 1344 (10th Cir.2002); 18 James Wm. Moore et al., *Moore's Federal Practice* § 130.04[3], at 130–14.1 (3d ed.2001). In this case, the bankruptcy court concluded that Wallace had been properly served and, therefore, it had jurisdiction to enter the Default Judgment against him. Our de novo review leads us to conclude that the bankruptcy court did not err. *See, e.g., Gschwind v. Cessna Aircraft Co.,* 232 F.3d 1342, 1345 (10th Cir.2000) (denial of Rule 60(b)(4) motion is reviewed de novo).

▮ Personal jurisdiction in a civil proceeding is obtained by service of a summons on the defendant. Service of a summons in an adversary proceeding commenced in a bankruptcy case is governed by Federal Rule of Bankruptcy Procedure 7004 ("Rule 7004"). Rule 7004 incorporates the procedures of Federal Rule of Civil Procedure 4 ("Rule 4") and expands them by providing that

> in addition to the methods of service authorized by Rule 4(e)—(j) F.R. Civ. P., service may be made within the United States by first class mail postage prepaid ... [u]pon the debtor ... until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or statement of

---

2. It is not clear from Wallace's brief whether he is arguing that he was not properly served with respect to all of the court papers or a particular one; therefore, we will refer to all relevant court documents relating to the Default Judgment.

3. In his brief, Wallace also argues that this Court has "judicial notice and actual notice" that Saffa has "criminally converted the Wallace Family's $30,000,000 Estate for his (their) own exclusive use and benefit." In essence, this argument addresses the merits of the Claim and the Settlement Order. As the Settlement Order resolved the Claim and is a final order that is not on appeal here, we may not address this argument.

affairs, or such other address as the debtor may designate in a filed writing ....

Fed. R. Bankr.P. 7004(b)(9). Service is considered complete when mailed. *Coggin v. Coggin (In re Coggin)*, 30 F.3d 1443, 1450 n. 8 (11th Cir.1994), *abrogated on other grounds, Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). Proof of service is by affidavit. Fed. R. Bank. P. 7004(a); Fed.R.Civ.P. 4(1). When the complaint and summons are served in accordance with Rule 7004 and Rule 4 then the court will have personal jurisdiction over "the person of any defendant with respect to a case ... arising in or related to a case under the Code." Fed. R. Bankr.P. 7004(f).[4]

■ The bankruptcy court found that it had in personam jurisdiction over Wallace as Saffa had mailed all relevant documents to Wallace's Address of Record, and Saffa, as required, filed with the bankruptcy court a supporting affidavit. Wallace does not dispute the court's finding that the relevant court documents were mailed to his Address of Record. His argument focuses on the validity of that address by contending that the bankruptcy court had notice that the Address of Record was not Wallace's homestead.

This argument has no merit.

Rule 7004(b)(9) provides that service of a summons and complaint on a debtor can be made by mailing it to the address as shown in the petition or statement of affairs. Federal Rule of Bankruptcy Procedure 7005 incorporates Federal Rule of Civil Procedure 5(b)(2)(B), which requires that service of an application for default judgment be made by mailing it to the defendant's last known address. The evidence supports the bankruptcy court's finding that all relevant documents, namely the Original Complaint and Summons, the Second Amended Complaint, and the Application, were mailed to Wallace's Address of Record. There is no evidence that Wallace made any request, written or otherwise, to change his Address of Record. Rule 7004 has no requirement that service may only be effectuated at an individual's homestead. Furthermore, Wallace did not allege nor did he proffer any evidence to the bankruptcy court that he did not receive the Original Complaint and Summons, the Second Amended Complaint, and the Application. The bankruptcy court correctly found that it had personal jurisdiction over Wallace.[5]

### III. *Conclusion*

For the reasons stated above, the Judgment is AFFIRMED.

---

**4.** Rule 55, governing Default Judgments, states that an application for a default judgment must be served on the defendant if the defendant has appeared in the action. Wallace did not so appear.

**5.** Wallace argues that service was improper because the agent who signed the return receipt on the certified letter containing the Original Complaint and Summons was not authorized to accept service of process. This argument is without merit. Rule 7004(b)(9) does not require the signature of an authorized agent. Because the Original Complaint and Summons were mailed to the Address of Record, service was proper.