FILED
United States Court of Appeals
Tenth Circuit

October 10, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL DAVID KATEKARU,

          Petitioner - Appellant,

v.

WILLIE SCOTT, Warden,

          Respondent - Appellee.

No. 08-3130

(D. Kansas)

(D.C. No. 3:93-CV-03428-RDR)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore orders the case submitted without oral argument.

Paul Katekaru, proceeding *pro se*, appeals the district court's denial of his Rule 60(b)(4) motion filed on October 31, 2007. Exercising jurisdiction under 18 U.S.C. § 1291, we **affirm** the district court's denial of Katekaru's motion.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1987, Katekaru was convicted of making a false claim to the Internal Revenue Service and fraudulent use of a Social Security number. He was sentenced to a term of incarceration followed by a five-year term of probation. He was subsequently reincarcerated for violating the terms of his probation. Before his release, Katekaru filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, alleging the Bureau of Prisons (BOP) incorrectly calculated his release date. The district court expedited the matter but denied relief on the merits.

In a letter dated the same day as the district court's order disposing of his habeas petition, Katekaru alleged the BOP had once again recalculated his release date, reducing his "camp good time" from twenty-six days to eighteen days. Katekaru alleged the recalculation was "retaliatory." Katekaru's letter was post-marked November 7, 1993, and was mailed directly to the district court judge assigned to his habeas matter. The district judge concluded no action was necessary on the letter which was placed in the file but not docketed by the clerk.

Fourteen years later, Katekaru filed a motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Katekaru asked the district court to construe the letter he mailed in November 1993 as a motion for reconsideration pursuant to Rule 60(b)(3) or a motion to alter or amend a judgment pursuant to Rule 59(e) and grant him relief by vacating the judgment dated November 4,

1993, denying his § 2241 petition.[1]  Pursuant to Rule 60(b)(4), a court may relieve a party from a final judgment if "the judgment is void."  *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000).  For purposes of Rule 60(b)(4), a judgment is void "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law."  *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (quotation omitted).  Katekaru's arguments were confined to the assertion that the district court's failure to docket his letter was inconsistent with due process.

The district court denied Katekaru's 60(b)(4) motion, concluding it did not act in violation of due process by not construing the letter as a motion in a closed case or by not docketing the letter.  The court noted that the letter was written before Katekaru received a copy of the judgment and did not appear from its face to challenge the disposition of the § 2241 petition.  Instead, the letter could be construed to raise a retaliation claim—a claim different from the one raised in the § 2241 petition.  The court further concluded that, at most, it erred by not treating Katekaru's letter as a post-judgment motion. However, even in that case Katekaru is not entitled to the relief he seeks, *i.e.*, the reversal of the judgment denying his

---

[1]Katekaru's Rule 60(b)(4) motion was motivated by his desire to bring a civil action against the BOP.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

§ 2241 habeas petition. *See id*. ("[A] judgment is not void merely because it is erroneous." (quotation omitted)).

Katekaru appeals, challenging the district court's disposition of his Rule 60(b)(4) motion. Upon review of Katekaru's appellate brief and the entire record on appeal, this court **affirms** the denial of Katekaru's motion for substantially the reasons set forth in the district court's Order dated May 7, 2008.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge